■ ALPARGATAS, S. A., Appellant-Respondent, v CENTURY BUSINESS CREDIT CORP., Respondent-Appellant.—Order, Supreme Court, New York County (Edward H. Lehner, J.), entered July 22, 1991, which denied partial summary judgment to both parties, unanimously modified on the law, summary judgment is granted to defendant, and the order is otherwise affirmed, without costs.

Over the course of a two-year relationship, the Argentine-based plaintiff, a manufacturer of women's apparel, shipped about $10,000,000 worth of goods through its Liechtenstein subsidiary (Exportex) to a New York importer (Focus Trading Corp.), which in turn supplied retailers throughout this coun-

try. Focus' purchases were financed by defendant under a factoring agreement backed by letters of credit issued by Irving Trust Company. Each shipment was covered by a separate credit agreement, and was subject to defendant's inspection for conformity, with defendant retaining exclusive authority to waive discrepancies. The entire arrangement was governed by the Uniform Customs and Practice for Commercial Documentary Credits, published by the International Chamber of Commerce.

Whenever drafts presented for payment under the letters of credit were at variance with the terms of the deliveries, Irving would routinely ask defendant if it would waive the discrepancies, and defendant would pass this request on to its client. Focus, although frequently complaining about nonconformity with styles ordered, and tardiness of deliveries, generally authorized defendant's waiver nonetheless. Eventually, however, rising complaints from Focus' retailers about lateness and nonconformity of goods led to their rejection of deliveries or refusal to pay. Defendant thereupon advised Focus that Irving would replace Focus as consignee of the goods, that future deliveries would be scrutinized for timeliness and conformity, and that drafts would not be approved for payment without defendant's personal inspection. Plaintiff was advised of these new conditions.

The drafts in question sought payment of $149,629.20 for shipments forwarded during June-August 1989. This time defendant refused to waive discrepancies, which included nonconformity at the rate of more than 96%, and tardiness in presentment of the drafts, to say nothing of the fact that the drafts exceeded the supplemented subject letter of credit by more than $60,000. Without waivers from defendant, Irving dishonored the drafts. However, the Argentine freight forwarder turned the goods over to Focus for distribution anyway, apparently based on forged releases.

In addition to the instant action for money had and received and unjust enrichment, plaintiff has also commenced separate lawsuits against Irving for failure to honor the drafts, and against Focus for proceeds from the goods it allegedly resold to other buyers.

Defendant is entitled to summary judgment, even absent a formal cross motion to that effect (CPLR 3212 [b]; *Flaks, Zaslow & Co. v Bank Computer Network Corp.,* 66 AD2d 363). A non-moving party may be granted such relief even on appeal *(Merritt Hill Vineyards v Windy Hgts. Vineyard,* 61 NY2d 106).

Defendant was at once empowered and bound by the terms of the letters of credit under which it retained sole authority to inspect shipments for conformity and to waive discrepancies. Even the slightest discrepancies in compliance with the terms of a letter of credit justify refusal to pay *(Marino Indus. Corp. v Chase Manhattan Bank,* 686 F2d 112). The fact that defendant may have waived strict compliance in the past does not justify an inference of a waiver of any discrepancies that might arise at some future point under another such letter *(Courtaulds N. Am. v North Carolina Natl. Bank,* 528 F2d 802). There has never been any privity of contract between the parties to this action, and no quasi contractual relationship can be inferred. Besides, defendant has not been "enriched" at plaintiff's expense. Defendant justifiably acted strictly within the terms of its agreement. Concur—Murphy, P. J., Sullivan, Rosenberger, Wallach and Rubin, JJ.