■ HELLENIC REPUBLIC, Respondent-Appellant, v STANDARD CHARTERED BANK, Appellant-Respondent. [631 NYS2d 320] —Order, Supreme Court, New York County (Walter Schackman, J.), entered January 26, 1995, which denied cross motions for summary judgment, unanimously affirmed, without costs.

In this action to recover damages for alleged wrongful dishonor of a standby letter of credit, the IAS Court, relying on the standard of strict compliance, properly held that the discrepancies in plaintiff's letter of credit documents justified dishonor (*United Commodities-Greece v Fidelity Intl. Bank*, 64 NY2d 449). Even slight discrepancies in compliance with the terms of a letter of credit justify refusal to pay (*Marino Indus. Corp. v Chase Manhattan Bank*, 686 F2d 112). Here, the letter of credit required a "SIGNED STATEMENT ON EMBASSY OF GREECE HELLENIC DEFENSE ATTACHE LETTERHEAD PURPORTEDLY SIGNED BY AN AUTHORIZED OFFICER OF EMBASSY OF GREECE, HELLENIC DEFENSE ATTACHE." Nevertheless, plaintiff submitted a statement on the letterhead of "EMBASSY OF GREECE, DEFENSE AND MILITARY ATTACHE" signed by "Lt. Col. Constandinos Bairaktaris, Ass. Defense and Military Attache". As the IAS Court correctly noted, defendant could not be expected to determine from the face of the documents that "DEFENSE AND MILITARY ATTACHE" is the same as "HELLENIC DEFENSE ATTACHE" and this constitutes a material discrepancy. The documents submitted by plaintiff also did not strictly comply with the requirements of the standby letter of credit because the total amount drawn

was in excess of the face amount thereof (*see, Alpargatas v Century Bus. Credit Corp.*, 183 AD2d 491, *lv dismissed* 80 NY2d 925, *lv denied* 82 NY2d 655).

Summary judgment was properly denied to defendant inasmuch as the IAS Court also correctly held that a material issue of fact exists as to whether defendant acted within a "reasonable time" under Uniform Customs and Practices for Documentary Credits (UCP) article 16 (c) to examine the plaintiff's documents and determine not to pay (*Alaska Textile Co. v Chase Manhattan Bank*, 982 F2d 813). "What constitutes a reasonable time necessarily depends upon the nature, purpose, and circumstance of each case" (*supra*, at 823); no New York court has held that the three-day banking rule set forth in UCC 5-112 (1) is controlling. Moreover, and contrary to the IAS Court's conclusion, we also find an issue of fact as to whether defendant's notice of dishonor was made "without delay" under UCP article 16 (d). Keeping in mind that courts have held that the expiration date of a letter of credit is a relevant factor in determining whether there was unreasonable delay in providing notice of dishonor, a question of fact exists as to whether defendant's notice fifteen minutes prior to the bank's closure on the expiration date of the letter of credit was unreasonable under the circumstances (*see, Datapoint Corp. v M & I Bank*, 665 F Supp 722). Concur—Murphy, P. J., Rosenberger, Williams and Mazzarelli, JJ.