■ INTERCHEMICALS COMPANY, INC., et al., Appellants, v BANK OF CREDIT AND COMMERCE INTERNATIONAL, S.A., NEW YORK AGENCY, et al., Respondents. [635 NYS2d 194] —Judgment, Supreme Court, New York County (Lewis Friedman, J.), entered August 11, 1994, dismissing the complaint, and bringing up for review the order of the same court and Justice entered July 11, 1994, granting the motion by the defendant Superintendent of Banks of the State of New York, as Liquidator of the business and property of defendant New York Agency of Bank of Credit and Commerce International, S.A., for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The IAS Court, in granting summary judgment in favor of the Superintendent, properly determined that plaintiffs' rights under a Letter Agreement, dated January 4, 1990, establishing plaintiffs' line of credit, were not violated by defendants' failure to honor and refusal to extend the original expiration date of a letter of credit issued to Persico S.A., a Brazilian steel manufacturer. The IAS Court correctly found that plaintiffs have no standing as third-party beneficiaries to maintain the action under that letter of credit, and liability for defendants' failure to honor the letter does not extend to plaintiffs, who were not a party to that separate and independent agreement between Bank of Credit and Commerce International, S.A. (BCCI), the issuing bank, and Persico S.A., the credit's beneficiary (*see, Banque Worms v Banque Commerciale Privee*, 679 F Supp 1173, 1179, *affd* 849 F2d 787; *First Commercial Bank v Gotham Originals*, 64 NY2d 287, 294).

Defendants were also released from any liability to plaintiffs by the exculpatory clause in the Credit Agreement relating to the letter of credit, in which plaintiffs agreed to entrust to the sole discretion of the defendant New York Agency of BCCI the task of determining whether the beneficiary presented documents conforming to the terms of the letter of credit and to release defendants from liability for "delay oversight or mistake or negligence" in the acceptance or rejection of any letters of credit (*see, Lago v Krollage*, 78 NY2d 95, 99; *Kalisch-Jarcho, Inc. v City of New York*, 58 NY2d 377, 384).

Contrary to plaintiffs' assertions, defendant gave plaintiffs timely notice of its intention not to honor the documents presented and did not preclude plaintiffs from correcting any alleged discrepancies in the documents prior to the original expiration date. The dates on the presentation memos outlining the alleged discrepancies reveal that the defendants acted in conformity with applicable notice requirements by notifying plaintiffs of the discrepancies within two days after presentment (see, UCC 5-112 [1] [a]; Uniform Customs and Practice for Commercial Documentary Credits art 16 [c] [1983]).

Plaintiffs have also failed to show a triable issue of fact precluding summary judgment as to whether the alleged delay was a proximate cause of their loss since plaintiffs conceded at deposition that they were aware that they were presenting non-conforming documents by June 6, 1990, and nevertheless failed to cause the delivery of conforming documents or to waive the defects prior to the June 20, 1990 expiration date (see, Barclays Bank v Mercantile Natl. Bank, 481 F2d 1224, 1236, cert dismissed 414 US 1139).

The IAS Court also properly determined that the alleged oral agreement between defendant New York Agency of BCCI and plaintiff, which extended plaintiffs' line of credit through 1991, was unenforceable, and barred by the doctrine enunciated in D'Oench, Duhme & Co. v Federal Deposit Ins. Corp. (315 US 447), which bars any claims and defenses against banking authorities, in their capacity as liquidators, based upon oral agreements and representations that are not apparent in a failed financial institution's records (supra, at 460; Langley v Federal Deposit Ins. Corp., 484 US 86, 91-92).

We have considered plaintiffs' remaining claims and find them to be without merit. Concur—Ellerin, J. P., Rubin, Nardelli, Williams and Mazzarelli, JJ.