■ Hellenic Republic, Respondent, v Standard Chartered Bank, Appellant. [664 NYS2d 434] —Judgment, Supreme Court, New York County (Lewis Friedman, J., and a jury), entered September 20, 1996, awarding plaintiff money damages, and bringing up for review a prior order, same court and Justice, entered August 8, 1996, which, *inter alia*, denied defendant's motion to strike plaintiff's demand for a jury trial, unanimously affirmed, with costs.

Since plaintiff's request for relief was, as this Court has previously noted (219 AD2d 498), for money damages, it was entitled to a jury trial (CPLR 4101 [1]), and the trial court appropriately denied defendant's motion to strike the demand for a jury trial. Moreover, the two interrogatories submitted to the jury were precisely those already found to be the crucial unresolved questions of fact in this action to recover damages for the wrongful dishonor of a standby letter of credit, and nothing in this Court's opinion in *Interchemicals Co. v Bank of*

*Credit & Commerce Intl.* (222 AD2d 273) can be construed as holding that a bank which processes a draw upon a letter of credit within three banking days has, under any and all circumstances, acted reasonably as a matter of law. Since a letter of credit is an instrument that must be considered separate and apart from the underlying contract (*see, First Commercial Bank v Gotham Originals,* 64 NY2d 287, 294), the trial court properly precluded defendant from introducing evidence as to plaintiff's actual damages. We have considered defendant's remaining arguments and find them to be without merit. Concur—Murphy, P. J., Ellerin, Rubin and Tom, JJ.