(April 2, 1998)

■ Automation Source Corporation, Appellant, v Korea Exchange Bank, Respondent. [670 NYS2d 847] —Order, Supreme Court, New York County (Charles Ramos, J.), entered April 8, 1997, which, in an action by plaintiff beneficiary against defendant bank for failure to pay on a letter of credit, denied plaintiff's motion for summary judgment, unanimously affirmed, without costs.

It is well established that New York requires strict compliance with the terms of a letter of credit (*United Commodities-Greece v Fidelity Intl. Bank*, 64 NY2d 449, 455). Thus, in determining whether to pay a letter of credit, the bank may, and must, look solely at the letter and the documentation the beneficiary presents (*Marino Indus. Corp. v Chase Manhattan Bank*, 686 F2d 112, 115) and even slight discrepancies with the terms of a letter of credit will justify refusal to pay (*Hellenic Republic v Standard Chartered Bank*, 219 AD2d 498).

Here, in light of the fact that the letter of credit made no reference to the weight of the shipment, the fact that the bank detected from the shipping documents that two of the packages, though purportedly containing the same number of identical items, were of substantially different weights was irrelevant to its obligation to pay down the letter of credit. While this discrepancy may indicate the existence of a dispute between the parties, that is not relevant to the bank's obligation (*see, Fertico Belgium v Phosphate Chems. Export Assn.*, 100 AD2d 165, 172, *appeal dismissed* 62 NY2d 802).

The other alleged discrepancy set forth by defendant bank as justifying its refusal to pay was the presence of two "notify parties" on the shipping documents, i.e., the applicant for the letter of credit, LG International, Inc. (LGI), and LGI's proposed customer on resale of the goods, Super Come

1

International Co., Ltd. (Super Come). It is undisputed that the letter of credit had stated that the shipping documents were to include an instruction to "notify applicant" and that plaintiff had included the second notify party on the shipping documents solely at LGI's request. Plaintiff contends that the addition of another notify party on the shipping documents was merely an inconsequential addition that in no way changed the fact that the documents fully comported with all of the requirements of the letter of credit. According to defendant, the inclusion of two notify parties is a discrepancy with the letter of credit, which only said that the documents must contain an instruction to notify applicant. Defendant bases this argument largely on its contention that under the standard practice in the trade, the consignee bank* receives the shipping documents from the shipper and is then required not only to notify the "notify party" that the shipment has arrived but to release the shipping documents to it. Thus, defendant argues, the addition of a second notify party created an ambiguity as to who was entitled to receive the documents from the consignee bank and, ultimately, the shipment.

Plaintiff disputes the existence of such a trade usage and contends that the requirement in the letter of credit that the shipping documents contain the instruction "notify applicant", and the inclusion on the shipping documents of the instruction to notify both LGI and Super Come, meant no more than that the consignee bank was supposed to notify them that the shipment had arrived. Since the letter of credit did not indicate that only the applicant was to be notified, there was no discrepancy.

It is clear that the interpretation of the word "notify" critically affects the outcome of this dispute. Boiled down to its simplest terms, an instruction to give Joe the package is contradicted by an instruction to give Joe and Tom the package, but an instruction to tell Joe the news is not contradicted by an instruction to tell Joe and Tom the news.

Here, on its face, the letter of credit stated that the documents must contain the instruction to notify the applicant and the documents did contain that instruction. The word "notify" has a common meaning which does not include the handing over of documents.

Moreover, we must reject the bank's contention that the record before us supports a finding, as a matter of law, that the

* The consignee bank in this matter was the Taiwan Business Bank and not defendant.

word "notify", when used in a letter of credit and on a bill of lading, has a special meaning that is so well established in the trade as to justify the assumption that all parties to the transaction were familiar with it (see, UCC 1-205 [2]) and that would make the inclusion of a second notify party not supplementary, but contradictory to an instruction to notify one party.

While defendant has set forth a sworn affidavit from LGI's principal attesting to this usage, the record also includes a letter from Super Come to LGI indicating that the consignee bank refused to hand over the documents to Super Come, informing it: "This is not [your] shipment. [You] made mistake. This is other Co. shipment. The L/C No. is not [your] L/C no. The all invoice is not [your] invoice No. Especially the price is not your invoice price." It appears from this communication that the consignee bank itself did not know of the alleged requirement that it hand over the shipping documents to anyone denominated a notify party but believed it had to hand over the documents to a party whose letter of credit number and invoice information matched that on the shipping documents. Since questions of fact remain as to the existence of, or extent of, such a trade usage, summary judgment was properly denied. Concur—Ellerin, J. P., Nardelli, Wallach and Mazzarelli, JJ.

