■ ZALMEN REISS AND ASSOCIATES INC., Respondent, v EUROPEAN AMERICAN BANK, Respondent, and SUMITOMO BANK LIMITED, Intervenor-Appellant, et al., Defendants. [703 NYS2d 31] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on or about September 14, 1999, which, to the extent appealed from, granted plaintiff's motion for summary judgment on its cause of action for a declaration that defendant European American Bank is not required to pay on the subject letter of credit because the documents presented are non-conforming, granted defendant European American Bank's motion for summary judgment dismissing the cross claim of intervenor Sumitomo Bank Limited and denied the intervenor's

motion for summary judgment on its cross claim and for summary judgment dismissing the complaint, unanimously affirmed, without costs.

It is well established that New York law "requires strict compliance with the terms of a letter of credit [citations omitted] rather than the more relaxed standard of substantial compliance" (*United Commodities-Greece v Fidelity Intl. Bank*, 64 NY2d 449, 455; *see also, Automation Source Corp. v Korea Exch. Bank*, 249 AD2d 1; *Hellenic Republic v Standard Chartered Bank*, 219 AD2d 498, 498-499). Since "even slight discrepancies with the terms of a letter of credit will justify refusal to pay" (*Automation Source Corp. v Korea Exch. Bank*, 249 AD2d, *supra*, at 1, citing *Hellenic Republic v Standard Chartered Bank*, 219 AD2d, *supra*, at 498), the intervenor's attempt to minimize discrepancies and inconsistencies in the documents that it proffered are unavailing. Accordingly, the IAS Court properly found that defendant bank was justified in rejecting the intervenor's presentation. Concur—Nardelli, J. P., Rubin, Andrias, Buckley and Friedman, JJ.