CHARLES MASHOLIE, Appellant, v. D. J. SALVATORE, INC., JAMAICA CONCRETE CORPORATION, DANIEL J. SALVATORE, and ELLEN SALVATORE, Respondents.— Appeal by plaintiff (a) from so much of an order as denied in part his motion for an order permitting him to examine all the defendants before trial, and (b) from so much of the same order as denied in part his application for a discovery and inspection of the books, records, accounts and other documents of two corporate defendants.   Order, in so far as appeal has been taken therefrom, affirmed, without costs; examination to proceed on five days' notice.   No opinion.   Lazansky, P. J., Hagarty, Johnston, Adel and Taylor, JJ., concur.

JOHN L. MCPHERSON and ETHEL MCPHERSON, Appellants, v. FANNY GOLDSTEIN, Individually and as Executrix, etc., of NATHAN GOLDSTEIN, Deceased, Respondent, and Others, Defendants.— In an action to foreclose two mortgages on real property, plaintiffs, as assignees of a mortgagee, appeal from so much of the judgment of foreclosure and sale as decreed reformation of the description of a right of way contained in each of the mortgages and decreed sale of the premises under the reformed descriptions.   Judgment, in so far as appealed from, affirmed, with costs.   It was alleged in the counterclaims that the mistake in the descriptions was due to an error of the scrivener and that the mortgages did not express the agreements actually made by the parties thereto.   These allegations were amply supported by record evidence, and plaintiffs offered no evidence to the contrary.   Plaintiffs and their assignor were charged with notice or knowledge of the facts disclosed in recorded instruments affecting the mortgaged premises and an adjoining parcel of land sought to be burdened with the right of way under the descriptions used in the mortgages.   (*M. R. M. Realty Co.* v. *Title Guar. & Trust Co.*, 270 N. Y. 120, 126.)   The agreements expressed in the mortgages were never actually made, and those instruments may be reformed without regard to whether or not the mistake was mutual.   (*MacDonald* v. *Crissey*, 215 N. Y. 609, 616.)   Even if mutuality of mistake were needed, it was clearly shown by record evidence, proof of the highest order.   Lazansky, P. J., Carswell, Johnston and Taylor, JJ., concur; Close, J., dissents in part with the following memorandum: I dissent and vote to modify the judgment by denying reformation of the description of a right of way contained in each mortgage, and, as thus modified, to affirm. A protraction of the instruments leads to the inference that there was a driveway, horse-shoe in shape, leading from Oak avenue and returning thereto.   True, it passed over property of which the mortgagors were not then the owners.   However, they thereafter became the owners of the property and the warranty clause immediately attached.   There is no evidence in this record upon which the theory of a mutual mistake can be based.