■ WALTER A. FLAHERTY, JR., et al., Appellants, v BROADWAY ASSOCIATES LIMITED PARTNERSHIP, by STERLING DEVELOPMENT CORPORATION, Its General Partner, Respondent.—Weiss, J. P.

Appeals (1) from a judgment of the Supreme Court (Connor, J.), entered December 8, 1989 in Ulster County, which, *inter alia,* granted defendant's cross motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered July 19, 1990 in Ulster County, which denied plaintiffs' motion for reconsideration.

Plaintiffs, who own real property at 791 Broadway in the City of Kingston, Ulster County, sought to enjoin defendant from interfering with their use of parking facilities on defendant's property at 785 Broadway. Plaintiffs urged that they had a parking easement and right-of-way in their favor which encumbered 785 Broadway. Plaintiffs had purchased 791 Broadway on December 31, 1986 from John De Gasperis and his wife. They allege that contemporaneous with that conveyance, plaintiffs and De Gasperis entered into an addendum to their purchase-sale agreement that provided that both parties would meet with a surveyor to obtain a metes and bounds description and map prepared showing the specific location of the parking and a mutual right-of-way in favor of both parties. Thereafter, a conveyance of the subject easement and right-of-way would be executed. However, title to 785 Broadway was never in De Gasperis' name; rather, it was in the name of a closely held corporation, De Gasperis Construction and Development Corporation (hereinafter DCDC), which had acquired title through a conveyance dated one day earlier (on December 30, 1986) from another close corporation, Governor Clinton Market, Inc. De Gasperis signed that deed as president of Governor Clinton Market, Inc. No conveyance to plaintiffs pursuant to the addendum was ever made and, on December 18, 1988, DCDC conveyed 785 Broadway to defendant without reference to the alleged easement.

On April 10, 1989, defendant notified plaintiffs to cease using the parking spaces and thereafter commenced erection of a fence barring access to the lot. Plaintiffs commenced this action and moved for a preliminary injunction, and defendant cross-moved for summary judgment. In granting defendant's cross motion, Supreme Court held that (1) since De Gasperis and his wife never held title to 785 Broadway, they could not burden the premises, and (2) even if defendant was aware of the addendum, the result would be the same. We disagree and reverse.

The proof submitted by plaintiffs includes affidavits by plaintiff Walter A. Flaherty, Jr., De Gasperis and his wife which established that by mutual mistake, the addendum agreement was executed by De Gasperis and his wife in their

individual capacities, rather than as principal officers of DCDC. De Gasperis further averred that prior to the conveyance of 785 Broadway by DCDC to defendant, he unequivocally informed Erwin Shustak, the president of Sterling Development Corporation, of plaintiffs' easement and the right-of-way and personally pointed out to Shustak the areas on 785 Broadway which were reserved for the parking easement and right-of-way. This evidence established a prima facie showing of a claim to equitable relief against defendant sufficient to defeat defendant's cross motion for summary judgment. Plaintiffs' agreement with De Gasperis and his wife for the conveyance of the interest in real property, i.e., a parking easement and right-of-way, was clearly one subject to reformation for mutual mistake *(see, Thompson v Howell,* 20 AD2d 963). Moreover, the mutual mistake involved here, as to the proper name of the grantor or the proper capacity of De Gasperis and his wife, whether viewed as a mistake of the parties or of the scrivener, falls well within the kinds of mistakes in an instrument conveying an interest in real property which afford a ground for reformation. Thus, reformation of a mortgage has been granted to reflect the true name of a mortgagor *(see, Gotthelf v Shapiro,* 136 App Div 1, 4-5); and to conform a mortgage to the parties' agreement that the mortgagor was not subject to personal liability for the mortgage debt *(see, Lazarus v Bowery Sav. Bank,* 16 NY2d 793, 794); and a deed may be reformed to correct mistakes as to the names or the capacities of the grantees *(see generally,* 4A Warren's Weed, New York Real Property, Reformation, § 7.02 [5] [4th ed]).

The case law also establishes that a grantee from one of the parties to an erroneously drawn instrument, who had prior knowledge of the mistake or was charged with such knowledge, takes the property subject to the equitable rights of some other person or reformation *(see, Bush v Hicks,* 60 NY 298, 301-302; *Fischer v Ginzburg,* 191 App Div 418, 423; *Penfield v Village of New Rochelle,* 18 App Div 83, 87-88, *affd* 160 NY 697; 4A Warren's Weed, New York Real Property, Reformation, § 8.01 [3] [4th ed]).

It follows from the foregoing that plaintiffs' proof of the mutual mistake, and of defendant's knowledge of their equitable rights to reformation of the agreement to convey the easement and right-of-way, was sufficient to create a triable issue precluding summary judgment. Accordingly, the judgment should be reversed and the matter remitted for further proceedings to Supreme Court to consider plaintiffs' request for preliminary injunctive relief.

Judgment and order reversed, on the law, without costs, cross motion denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this court's decision. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.