■ RESOURCE FINANCING, INC., Respondent, v EMANUEL PECE et al., Appellants. (And a Third-Party Action.) [600 NYS2d 782] —Mikoll, J. Appeal from an order of the Supreme Court (Bradley, J.), entered April 8, 1992 in Ulster County, which granted plaintiff's motion for summary judgment.

Defendants executed a mortgage in favor of plaintiff on property in Ulster County to secure a $90,000 loan to build a modular home. Plaintiff commenced an action to reform the mortgage alleging that, due to mistake, the property subject to the mortgage was erroneously described on the mortgage and that the parties agreed to mortgage the property on which the modular home was to be constructed but, in error, the description in the mortgage was of a parallel property previously owned by defendants but not owned by them at the time the mortgage was executed. After defendants answered, asserting, *inter alia,* the defense of unclean hands and a counterclaim against plaintiff and plaintiff's president,* plaintiff moved for summary judgment, which was granted.

Defendants contend that summary judgment was improperly granted because plaintiff failed to establish mutual mistake. In support of the motion, plaintiff's president averred that at the time the mortgage was signed, the parties intended to have the mortgage cover the property where the modular home was to be built, for which the $90,000 was being borrowed. He also averred that defendants listed plaintiff as a first mortgagee on the modular home in the insurance contract they purchased to cover the home. In opposition, defendants simply denied plaintiff's contention that they agreed to

---

* Plaintiff's president is not a defendant in this action but rather a third-party defendant.

mortgage lot No. 1 Cuomo Drive as security for the $90,000 loan.

Supreme Court found defendants' reply to be an implicit concession that they signed a valid mortgage on the property in question. In failing to identify which property was to be covered by the mortgage, the court held this to be a general, conclusory denial, which, without more, was inadequate to raise a question of fact so as to defeat plaintiff's motion for summary judgment (see, Zuckerman v City of New York, 49 NY2d 557, 562). Supreme Court properly granted plaintiff's motion.

Weiss, P. J., Crew III, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with costs.