■ LGD Associates, Respondent, v Hastingwood Trading, Ltd., et al., Appellants, et al., Defendants. [632 NYS2d 573] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about December 7, 1994, which granted plaintiff's motion to amend a notice of pendency nunc pro tunc to October 19, 1992, unanimously affirmed, with costs.

Plaintiff was properly allowed to amend the subject notice of pendency in order to correct minor defects caused by the transposition of block and lot numbers (*see, Mechanics Exch. Sav. Bank v Chesterfield*, 34 AD2d 111, 114; *Kaufman v Levey*, 142 Misc 243). The instant minor amendment does not conflict with the intent of CPLR article 65. The purpose underlying the requirement of block indexing (CPLR 6511) is not to publicize a sale of foreclosed real property, which plaintiff accomplished by advertising in the Law Journal, describing the property's metes and bounds as well as the address, mortgage, and defendants' name. Defendants' allegation that additional bidders would have appeared had the notice of pendency contained the correct block and lot numbers is wholly speculative and was only raised by the defendants after the foreclosure sale. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.