■ Bombay Industries, Inc., Respondent, v Bank of New York, Appellant. [649 NYS2d 784] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered August 14, 1995, which, *inter alia*, granted plaintiff's motion for summary judgment, reversed, on the law, without costs, and the motion is denied.

The bank's receipt of Collection Clothing Corporation's approval to waive certain discrepancies in the draw documents did not necessarily alter its separate right to require strict compliance with the letter of credit in this suit for wrongful dishonor (*Western Intl. Forest Prods. v Shinhan Bank*, 860 F Supp 151, 155; *cf., Bank of Seoul v Norwest Bank Minn.*, 218

AD2d 542). Summary judgment is further inappropriate as there is still an outstanding factual issue regarding the timeliness of the bank's notice of dishonor (*Hellenic Republic v Standard Chartered Bank*, 219 AD2d 498, 499; *Alaska Textile Co. v Chase Manhattan Bank*, 982 F2d 813, 822). Concur—Milonas, J. P., Rosenberger, Wallach and Tom, JJ.

Kupferman, J., dissents in a memorandum as follows: The majority's cryptic analysis avoids the telling aspect of the situation here.

Plaintiff was the beneficiary of an irrevocable letter of credit from defendant bank pursuant to a sales agreement whereby plaintiff was to ship a substantial amount of men's shirts and shorts.

The letter of credit required shipment of the goods "From New Jersey Port". The plaintiff shipped the goods from its facility in New York. The purchaser waived the difference in point of origin, and in other respects all was satisfactory.

Obviously, the discrepancy was of no moment (*cf., LGD Associates v Hastingwood Trading*, 220 AD2d 350 [minor amendment of lis pendens does not impair its validity]). Moreover, in the past the bank had made payments despite an identical discrepancy.

The implication is that the bank had a problem with the purchaser's general debt to the bank and was using this situation as leverage. Whether or not that is so, this plaintiff is an innocent party who made delivery acceptable to its purchaser.

The bank should not be permitted to substitute its own agenda.