■ BAITING HOLLOW PROPERTIES, LLC, Respondent, v KNOLLS OF BAITING HOLLOW, LLC, Appellant. RTA MANAGEMENT, INC., Proposed Intervenor-Appellant. [932 NYS2d 160]—

The plaintiff made a prima facie showing of entitlement to judgment as a matter of law on its first cause of action for a declaration that the plaintiff is the lawful owner of the subject property free of an easement claimed by the defendant, save for an easement by necessity for ingress to and egress from the defendant's property, by establishing that the purported grantor named in the recorded easement and right-of-way agreement, the Knolls of Fox Hill Phase V Section A, never had title to ei-

ther the dominant or the servient parcels (*see Matter of Estate of Thomson v Wade*, 69 NY2d 570, 573-574 [1987]; *Sachar v East 53 Realty, LLC*, 63 AD3d 715 [2009]; *Beachside Bungalow Preserv. Assn. of Far Rockaway v Oceanview Assoc.*, 301 AD2d 488, 489 [2003]). Moreover, based on that showing that the easement and right-of-way agreement was invalid, and the undisputed showing that the defendant had entered onto the property in question and performed certain excavation work, the plaintiff also made a prima facie showing of entitlement to judgment as a matter of law on the issue of liability on the third cause of action alleging trespass (*see Curwin v Verizon Communications [LEC]*, 35 AD3d 645 [2006]).

However, in opposition to the plaintiff's summary judgment motion, the defendant raised a triable issue of fact as to whether the failure to name the actual owner of the dominant and servient parcels, the Knolls of Fox Hill, Inc., as the grantor in the easement and right-of-way agreement was a mutual mistake of the parties to that agreement, entitling the defendant to reformation of the agreement to evince the actual intent of the parties thereto. Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the first cause of action and on the issue of liability on its third cause of action alleging trespass.

The Supreme Court erred in denying the defendant's cross motion for summary judgment on its second counterclaim to reform the easement agreement to correct a scrivener's error, and to declare the easement, as reformed, to be a valid burden on the plaintiff's property in accordance with its terms. In support of the cross motion, the defendant established that the denomination of the grantor as the Knolls of Fox Hill Phase V Section A in the easement and right-of-way agreement was a mistake, and that, in accordance with the intent of the parties, the agreement should have named the grantor as the Knolls of Fox Hill, Inc., which owned the dominant and servient parcels (*see Harris v Uhlendorf*, 24 NY2d 463 [1969]). Moreover, the defendant further established that the plaintiff, prior to its acquisition of the servient parcel, had actual notice of the easement and right-of-way agreement which had been recorded against the servient parcel and was excepted from its title insurance policy on the parcel (*see Carla Realty Co. v County of Rockland*, 222 AD2d 480 [1995]; *Flaherty v Broadway Assoc. Ltd. Partnership*, 171 AD2d 938 [1991]). The plaintiff failed to raise a triable issue of fact in response to the defendant's showing in support of its cross motion. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.