■ US Bank, N.A., Appellant, v Amanda Boyce et al., Respondents, et al., Defendants. [940 NYS2d 656]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated November 4, 2010, which denied its motion pursuant to RPAPL 1321 for an order of reference and for leave to amend the caption to delete the defendants sued herein as "John Does" and "Jane Does."

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion pursuant to RPAPL 1321 for an order of reference and for leave to amend the caption to delete the defendants sued herein as "John Does" and "Jane Does" is granted.

The Supreme Court improperly denied that branch of the plaintiff's motion which was pursuant to RPAPL 1321 for an order of reference on the ground that the plaintiff had not filed an attorney affirmation in accordance with Administrative Order 548/10, which was issued by the Chief Administrative Judge of the State of New York on October 20, 2010. Administrative Order 548/10 (hereinafter the Administrative Order), which has since been replaced by Administrative Order 431/11, requires the plaintiff's counsel in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings. In cases pending on the effective date of the Administrative Order, where no judgment of foreclosure has been entered, the attorney affirmation is required to be filed at the time of filing of either the proposed order of reference or the proposed judgment of foreclosure (*see* Administrative Order 548/10, replaced by Administrative Order 431/11).

This mortgage foreclosure action was pending at the time of the effective date of the Administrative Order, and the plaintiff filed its proposed order of reference on September 29, 2009, approximately 13 months before the Administrative Order was issued. Thus, the plaintiff could not have filed the attorney affirmation pursuant to the Administrative Order when it filed its proposed order of reference. Based on the plain language of the Administrative Order, the plaintiff is therefore required to file the attorney affirmation at the time it files the proposed judgment of foreclosure.

Furthermore, the defendants failed to answer within the time allowed, and the plaintiff submitted, in support of its motion, the mortgage, the underlying unpaid note, the complaint setting forth the facts establishing the claim, and an affidavit of its employee attesting to the default (*see Emigrant Mtge. Co., Inc. v Fisher*, 90 AD3d 823 [2011]). Under these circumstances, that branch of the plaintiff's motion which was for an order of reference should have been granted.

Additionally, as the plaintiff demonstrated that there were no "John Does" or "Jane Does" occupying the subject premises, that branch of the plaintiff's motion which was for leave to amend the caption to delete the defendants sued herein as "John Does" and "Jane Does" should have been granted (*see Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer*, 67 AD3d 872, 873-874 [2009]).

In light of our determination, we need not reach the plaintiff's remaining contention. Rivera, J.P., Eng, Hall and Sgroi, JJ., concur.