█ WELLS FARGO BANK, NA, Trustee under Pooling and Servicing Agreement Dated as of September 1, 2005 ABFC Asset-Backed Certificates, Series 2005-WMC1, Appellant, v SERGEY AMBROSOV et al., Defendants. [993 NYS2d 322]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated August 26, 2011, which, in effect, denied its motion for an order of reference, to reform the subject mortgage to correct a scrivener's error in the legal description of the subject property, for leave to amend the complaint and notice of pendency, and for leave to amend the caption to remove the defendants sued herein as "John Does" and "Jane Does," and, sua sponte, directed the dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for an order of reference, to reform the mortgage to correct a scrivener's error in the legal description of the subject property, for leave to amend

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

the complaint and notice of pendency, and for leave to amend the caption to remove the defendants sued herein as "John Does" and "Jane Does" is granted.

The Supreme Court erred in, in effect, denying the plaintiff's motion for an order of reference, to reform a certain mortgage to correct a scrivener's error in the legal description of the subject property, for leave to amend the complaint and notice of pendency, and for leave to amend the caption to remove the defendants sued herein as "John Does" and "Jane Does," and, sua sponte, directing the dismissal of the complaint on the ground that the plaintiff had not filed an attorney affirmation in accordance with Administrative Order 548/10, which was issued by the Chief Administrative Judge of the State of New York on October 20, 2010. Administrative Order 548/10 (hereinafter the Administrative Order), which has since been replaced by Administrative Order 431/11, requires the plaintiff's counsel in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings. Where, as here, the action was pending on the Administrative Order's effective date and no judgment of foreclosure has been entered, the affirmation must be filed "at the time of filing either the proposed order of reference or the proposed judgment of foreclosure."

Here, as the plaintiff filed its motion and proposed order of reference before the Administrative Order took effect, it could not have filed the newly required affirmation at the "time of filing . . . the proposed order of reference." Thus, "[b]ased on the plain language of the Administrative Order, the plaintiff is . . . required to file the attorney affirmation at the time it files the proposed judgment of foreclosure" (*US Bank, N.A. v Boyce*, 93 AD3d 782, 782 [2012]; *see Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045 [2012]).

Furthermore, the Supreme Court should have granted the plaintiff's motion in its entirety. The plaintiff was entitled to a proposed order of reference inasmuch as, in support of its motion, it submitted the mortgage, the underlying unpaid note, the complaint setting forth the facts establishing the claim, and an affidavit of its employee attesting to the default, and the defendants did not answer within the time allowed (*see* RPAPL 1321; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 816 [2013]; *Bank of N.Y. v Alderazi*, 99 AD3d 837, 838 [2012]; *US Bank, N.A. v Boyce*, 93 AD3d at 782).

The plaintiff established prima facie that, due to a scrivener's error, the Schedule A legal description appended to the mortgage referenced incorrect tax lot numbers, and that, in accordance

with the intent of the parties, Schedule A should have referred to the tax lot number corresponding to the street address by which the mortgage described the subject property (*see Harris v Uhlendorf*, 24 NY2d 463, 467 [1969]). Inasmuch as none of the defendants opposed the motion, no triable issue was raised as to whether a property other than the one described by the street address was the property the parties intended the mortgage to cover. Accordingly, the plaintiff was entitled to reformation of the mortgage to accurately reflect the parties' agreement (*see Baiting Hollow Props., LLC v Knolls of Baiting Hollow, LLC*, 89 AD3d 776, 778 [2011]; *Resource Fin. v Pece*, 195 AD2d 840, 841 [1993]; *McPherson v Goldstein*, 256 App Div 1006 [1939]).

Likewise, the Supreme Court should have granted those branches of the plaintiff's motion which were for leave to amend the complaint and notice of pendency to correct the typographical errors in the legal description of the subject property (*see* CPLR 2001; *Schulman Family Enters. v Schulman*, 104 AD3d 934, 935 [2013]; *Key Bank Natl. Assn. v Stern*, 14 AD3d 656, 657 [2005]; *LGD Assoc. v Hastingwood Trading*, 220 AD2d 350 [1995]).

Finally, the plaintiff demonstrated that the caption should be amended by removing the defendants sued herein as "John Does" and "Jane Does" by showing that there were no "John Does" or "Jane Does" occupying the premises (*see Flagstar Bank v Bellafiore*, 94 AD3d at 1046; *US Bank, N.A. v Boyce*, 93 AD3d at 783; *Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer*, 67 AD3d 872, 873-874 [2009]). Skelos, J.P., Hall, Duffy and Barros, JJ., concur.