■ U.S. BANK, N.A., Appellant, v WAYNE RAMJIT, Respondent, et al., Defendants. [2 NYS3d 587]—

In an action to foreclose a mortgage, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Schack, J.), dated December 12, 2011, as, in effect, denied that branch of its renewed motion which was for an order of reference and, sua sponte, directed the dismissal of the complaint, with prejudice, and the cancellation of a certain notice of pendency filed against the subject property on the ground that the plaintiff failed to file an attorney's affirmation in accordance with Administrative Order 548/10 of the Chief Administrative Judge of the State of New York, as replaced by Administrative Order 431/11 of the Chief Administrative Judge of the State of New York, as directed in a prior order of the same court dated July 28, 2011.

Ordered that on the Court's own motion, the notice of appeal from so much of the order dated December 12, 2011, as, sua sponte, directed the dismissal of the complaint, with prejudice, and the cancellation of a certain notice of pendency filed against the subject property is deemed to be an application for leave to appeal from those portions of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order dated December 12, 2011, is reversed insofar as appealed from, on the law, without costs or disbursements, and that branch of the plaintiff's renewed motion which was for an order of reference is granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice.

The plaintiff commenced this mortgage foreclosure action in June 2008, alleging that the defendant Wayne Ramjit failed to comply with the conditions of the mortgage by not making the payments due thereunder. Ramjit did not appear or answer the complaint. On July 9, 2009, the plaintiff moved, inter alia, for an order of reference (see RPAPL 1321). Thereafter, in an order dated July 28, 2011, the Supreme Court directed the plaintiff, within 60 days, to file an attorney's affirmation in accordance with Administrative Order 548/10, (hereinafter the Administrative Order), which was issued by the Chief Administrative Judge of the State of New York on October 20, 2010, and has since been replaced by Administrative Order 431/11. In the order dated July 28, 2011, the court stated that the action would be dismissed with prejudice if the plaintiff did not file the attorney's affirmation within the allotted time.

By notice of motion dated September 22, 2011, the plaintiff renewed its motion for an order of reference. In the order appealed from, which was dated December 12, 2011, the Supreme Court, in effect, denied the plaintiff's renewed motion and, sua sponte, directed the dismissal of the complaint, with prejudice, and the cancellation of a certain notice of pendency filed against the subject property, concluding that the plaintiff's failure to file the attorney's affirmation contemplated by the Administrative Order warranted that result.

The Administrative Order requires the counsel for the plaintiff in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings. Where a residential mortgage foreclosure action was pending on the effective date of the Administrative Order, and no judgment of foreclosure has been entered, the Administrative Order provides that the affirmation must be filed "at the time of filing either the proposed order of reference or the proposed judgment of foreclosure." This mortgage foreclosure action was commenced in June 2008. On or about July 9, 2009, the plaintiff moved for an order of reference, submitting motion papers that included a proposed order of reference. The Administrative Order did not become effective until October 20, 2010. Since the Administrative Order had not yet been promulgated when the plaintiff filed its proposed order of

reference, there was no requirement that the plaintiff file an attorney's affirmation to accompany the proposed order of reference. Rather, based on the plain language of the Administrative Order, the plaintiff is not required to file the attorney's affirmation until it files a proposed judgment of foreclosure (*see Wells Fargo Bank, NA v Ambrosov*, 120 AD3d 1225, 1226 [2014]; *Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045 [2012]; *US Bank, N.A. v Boyce*, 93 AD3d 782, 782 [2012]).

Under the circumstances of this case, the Supreme Court erred in, in effect, denying that branch of the plaintiff's renewed motion which was for an order of reference. The plaintiff showed that the defendants failed to answer the complaint, and the plaintiff submitted the mortgage, the underlying unpaid note, the complaint setting forth the facts establishing the claim, and an affidavit of its employee attesting to the default (*see US Bank, N.A. v Boyce*, 93 AD3d at 783; *Emigrant Mtge. Co., Inc. v Fisher*, 90 AD3d 823 [2011]). Since the plaintiff established its entitlement to an order of reference, the court erred in, sua sponte, directing the dismissal of the complaint, with prejudice, and the cancellation of the notice of pendency that the plaintiff filed against the subject property.

For the reasons set forth in *Deutsche Bank Natl. Trust Co. v Islar* (122 AD3d 566 [2014]), we remit this matter to the Supreme Court, Kings County, for further proceedings before a different Justice. Dillon, J.P., Leventhal, Chambers and Duffy, JJ., concur. **[Prior Case History: 33 Misc 3d 1232(A), 2011 NY Slip Op 52215(U).]**