58 Elizabeth NY, LLC, Petitioner-Landlord-Appellant,
against
Ho Wou Bake Shoppe, Inc., Kuey Wing Lee and Warren Lee, Respondents-Tenants-Respondents, and "XYZ Corp.," Respondent-Undertenant.



Landlord appeals from a final judgment of the Civil Court of the City of New York, New York County (Joan M. Kenney, J.), entered on or about December 4, 2017, after a hearing, which dismissed the petition in a holdover summary proceeding.




Per Curiam.
Final judgment (Joan M. Kenney, J.), entered on or about December 4, 2017, reversed, with $25 costs, petition reinstated, and matter remanded for further proceedings consistent herewith.
The hearing evidence, fairly interpreted, supports the court's determination that respondents proved, by clear and convincing evidence, that the present lease agreement between the former owner/landlord and two of the respondents, commencing January 1, 2016, did not accurately express the parties' intentions and that, as a result of mutual mistake, the agreement failed to include the "basement" space in the description of the demised commercial premises (see Chimart Assoc. v Paul, 66 NY2d 570, 573 [1986]; 313-315 W. 125th St. L.L.C. v Arch Specialty Ins. Co., 138 AD3d 601, 602 [2016]). The unequivocal testimony of the corporate respondent's principal and the principals of the prior owner - who drafted and executed the subject lease without the benefit of legal counsel - showed that for more than 20 years the basement had "always" been included in the leases, but that, due to an "oversight," the term "basement" was mistakenly omitted from the most recent lease. Given the parties' course of performance, which is "the most persuasive evidence of the agreed intention of the parties" (Warberg Opportunistic Trading Fund L.P. v GeoResources, Inc., 151 AD3d 465, 471 [2017]), we agree with Civil Court that the lease agreement contained a mutual mistake.
However, the court prematurely dismissed the holdover petition seeking to recover the [*2]basement space brought by petitioner-appellant, the new owner of the building, since an issue was raised as to whether petitioner was a bona fide and innocent purchaser for value, i.e., whether petitioner had prior knowledge of the mistake or was charged with such knowledge (see Flaherty v Broadway Assoc. Ltd. Partnership, 171 AD2d 938, 940 [1991]; Fischer v Ginzburg, 191 App Div 418, 423[1920]; see also 16 NY Jur 2d, Cancellation of Instruments § 90; 27 Richard A. Lord, Williston on Contracts § 70:46, at 340-341 [4th ed 2003]). We note that this issue was fairly raised by petitioner in its papers in opposition to respondents' cross motion for summary judgment, and at the hearing itself, where petitioner unsuccessfully sought to adduce testimony on this issue.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: December 03, 2018