Countrywide Home Loans, Inc. v Caruso (2019 NY Slip Op 02673)





Countrywide Home Loans, Inc. v Caruso


2019 NY Slip Op 02673


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2017-02289
 (Index No. 19454/08)

[*1]Countrywide Home Loans, Inc., appellant,
v
Ulderico Caruso, respondent, et al., defendants.


Reed Smith LLP, New York, NY (Joseph B. Teig and Andrew B. Messite of counsel), for appellant.
Anthony C. Giordano, Garden City, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered January 9, 2017. The order denied the plaintiff's motion to vacate an order of the same court (Martin J. Schulman, J.), dated March 18, 2015, which directed dismissal of the complaint sua sponte.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion to vacate the order dated March 18, 2015, is granted.
In an order dated March 18, 2015, the Supreme Court sua sponte directed dismissal of the complaint (hereinafter the dismissal order) in this residential mortgage foreclosure action, based on the plaintiff's failure to comply with a prior order directing the plaintiff to file an attorney affirmation by that date. The order appealed from denied the plaintiff's motion to vacate the dismissal order.
The Supreme Court should have granted the plaintiff's motion to vacate the dismissal order, as the plaintiff established that no extraordinary circumstances warranted the dismissal of the action sua sponte (see U.S. Bank v Polanco, 126 AD3d 883). The plaintiff's action was commenced, and the plaintiff had filed an order of reference, prior to the effective date of Administrative Order 431/11 of the Chief Administrative Judge of the Courts. Therefore, based on the plain language of that Administrative Order, the plaintiff did not have to file the required attorney foreclosure affirmation/certificate until it filed the proposed judgment of foreclosure and sale (see Flagstar Bank v Bellafiore, 94 AD3d 1044; US Bank, N.A. v Boyce, 93 AD3d 782). Moreover, the plaintiff's undisputed allegations that the mortgagor had executed the subject note and mortgage and defaulted in payments due pursuant to the note demonstrated the merits of its cause of action (see Emigrant Bank v Marando, 143 AD3d 856).
Accordingly, the Supreme Court should have granted the plaintiff's motion to vacate the dismissal order.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court