■ EMC MORTGAGE CORPORATION, Respondent, v RIVERDALE ASSOCIATES et al., Appellants, et al., Defendants. [737 NYS2d 114] —In an action to foreclose a mortgage, the defendants Riverdale Associates and Harry Monies appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered February 1, 2001, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

"[I]n moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and the evidence of default" (*Republic Natl. Bank of N.Y. v Zito,* 280 AD2d 657, 658; *see, IMC Mtge. Co. v Griggs,* 289 AD2d 294; *Paterson v Rodney,* 285 AD2d 453). The plaintiff made a prima facie showing of entitlement to judgment against the appellants as a matter of law by submitting the mortgage, the note, and an affidavit of its employee attesting to their default.

The burden then shifted to the appellants to raise a triable issue of fact (*see, Wilmington Trust Co. v Ajudua,* 287 AD2d 451; *Paterson v Rodney, supra; Kowalski Enters. v Sem Intl.,* 250 AD2d 648). In opposition, the appellants argued as a defense to foreclosure that the defaults under the mortgage had been cured pursuant to an alleged modification agreement. However, the correspondence in the record established that no final modification agreement was reached (*see, Credit Suisse First Boston Corp. v Cooke,* 284 AD2d 365). Rather, negotiations ended without an agreement, and, therefore, the appellants' modification defense was unfounded (*see, Simoni v Time-Line, Ltd.,* 272 AD2d 537; *Marine Midland Bank v Fillippo,* 276 AD2d 601; *Northeast Small Business Inv. Corp. v Wacca-*

*buc Invs.,* 90 AD2d 538). In any event, the appellants failed to make any payments pursuant to the alleged modification agreement. Accordingly, the Supreme Court correctly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the appellants.

In light of our determination, we need not reach the plaintiff's remaining contention, which is based on matters dehors the record. Altman, J.P., S. Miller, Cozier and Prudenti, JJ., concur.