■ CALOGERO CHIARELLI et al., Respondents, v ANDREAS KOTSIFOS, Appellant, et al., Defendants. [772 NYS2d 531]—

In an action to foreclose a mortgage, the defendant Andreas Kotsifos appeals from (1) an order of the Supreme Court, Suffolk County (Burke, J.), dated September 11, 2002, which granted the plaintiffs' motion, inter alia, for summary judgment on the complaint and for the appointment of a referee and denied his cross motion for summary judgment dismissing the complaint, and (2) an order of the same court also dated September 11, 2002, which, among other things, appointed a referee to compute the amount due to the plaintiffs.

Ordered that the orders are affirmed, with one bill of costs.

The plaintiffs commenced this mortgage foreclosure action against Andreas Kotsifos (hereinafter the appellant), among others, in 1995. The original notice of pendency expired in 1998, and was not extended (*see* CPLR 6513). The plaintiffs filed a new notice of pendency in 2001.

Contrary to the appellant's contention, the plaintiffs were entitled to file a new notice of pendency after the first notice of pendency expired (*see Horowitz v Griggs,* 2 AD3d 404 [2003]; *Campbell v Smith,* 309 AD2d 581 [2003]; *cf. Matter of Sakow,* 97 NY2d 436 [2002]). The plaintiffs therefore were in compliance with the notice of pendency prerequisite to obtaining a judgment in this action (*see* RPAPL 1331). The appellant's cross motion to dismiss the complaint on the ground that the notice of pendency was invalid was properly denied.

The plaintiffs established their prima facie entitlement to

summary judgment by producing evidence of the mortgage and that the appellant had defaulted on the payments due (*see EMC Mtge. Corp. v Riverdale Assoc.*, 291 AD2d 370 [2002]; *Green Point Sav. Bank v Spivey*, 253 AD2d 410 [1998]). The appellant failed to present evidence sufficient to raise a triable issue of fact as to his nonpayment of the mortgage. Any evidence of his partial payment of the debt may be presented at the hearing before the referee.

The Supreme Court properly determined that the evidence presented by the appellant failed to raise a triable issue of fact with respect to his alleged defenses of usury, bad faith, and violation of the Truth in Lending Act (15 USC § 1601 *et seq.*).

The appellant's remaining contentions are without merit or are improperly raised for the first time in his reply brief (*see Drake v Drake*, 296 AD2d 566 [2002]; *Morgan v New York City Hous. Auth.*, 255 AD2d 565 [1998]). Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.