■ DANIEL PERLA ASSOCIATES, LP, Appellant, v 101 KENT ASSOCIATES, INC., Respondent, et al., Defendants. [836 NYS2d 630]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated May 11, 2006, which denied that branch of its motion which was for summary judgment on the complaint and, in effect, denied that branch of its motion which was to dismiss the affirmative defenses of the defendant 101 Kent Associates, Inc., and granted the cross motion of the defendant 101 Kent Associates, Inc., to consolidate the instant action with an action entitled *MCC Dev. Corp. v Daniel Perla,* pending in the Supreme Court, New York County, under index No. 101141/2006.

Ordered that the order is reversed, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint and to dismiss the affirmative defenses of the defendant 101 Kent Associates, Inc., are granted, and the cross motion of the defendant 101 Kent Associates, Inc., to consolidate the instant action with an action entitled *MCC Dev. Corp. v Daniel Perla,* pending in the Supreme Court, New York County, under index No. 101141/2006, is denied.

The Supreme Court improperly denied that branch of the plaintiff's motion which was for summary judgment on the complaint and, in effect, denied that branch of its motion which was to dismiss the affirmative defenses of the defendant 101 Kent Associates, Inc. (hereinafter Kent). The plaintiff established its prima facie entitlement to judgment as a matter of law by tendering the mortgage, the unpaid note, and evidence of Kent's default (*see EMC Mtge. Corp. v Riverdale Assoc.,* 291

AD2d 370 [2002]; *Marine Midland Bank v Fillippo,* 276 AD2d 601 [2000]).

In opposition, Kent's sole shareholder, Mark Nagawiecki, submitted an affidavit in which he averred that the plaintiff's limited partner, Daniel Perla, had agreed to an oral modification of the mortgage. According to Nagawiecki, that modification allegedly allowed the moneys owed by Kent under the note and mortgage to serve as an offset to balances of sums owed to MMM Construction Corp., of which Nagawiecki is the sole shareholder, for a construction project undertaken by Faldan Realty Co., another company for which Perla served as general partner. This argument is without merit because Kent failed to demonstrate that Perla's conduct, inter alia, to forbear in foreclosing the mortgage was unequivocally referable to the alleged oral modification (*see Klein v Klein,* 79 NY2d 876, 878 [1992]; *Rose v Spa Realty Assoc.,* 42 NY2d 338, 343 [1977]). Accordingly, Kent failed to raise a triable issue of fact to rebut the plaintiff's prima facie entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York,* 49 NY2d 557 [1980]).

The parties' remaining contentions are without merit or need not be addressed in light of our determination. Spolzino, J.P., Goldstein, Fisher and McCarthy, JJ., concur.