■ JP MORGAN CHASE BANK, N.A., Appellant, v CARMINE AGNELLO et al., Defendants and VICTORIA GOTTI, Also Known as VICTORIA AGNELLO, Respondent. [878 NYS2d 397]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered February 5, 2008,

as, upon reargument, adhered to its original determination in an order dated October 23, 2007, denying those branches of its motion which were for summary judgment on the complaint and for appointment of a referee to compute the amount due it, and to examine and report whether the mortgaged premises can be sold in one parcel.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, upon reargument, the order dated October 23, 2007 is vacated, and those branches of the plaintiff's motion which were for summary judgment on the complaint and for appointment of a referee to compute the amount due it, and to examine and report whether the mortgaged premises can be sold in one parcel, are granted.

The plaintiff established its prima facie entitlement to judgment as a matter of law by presenting a mortgage, the unpaid mortgage note, a forbearance agreement executed by both the plaintiff and the defendant Victoria Gotti, also known as Victoria Agnello (hereinafter Gotti), which required Gotti to repay the loan in full by February 1, 2006, and an affidavit attesting to Gotti's default (see Daniel Perla Assoc., LP v 101 Kent Assoc., Inc., 40 AD3d 677, 677-678 [2007]; Coppa v Fabozzi, 5 AD3d 718 [2004]; Chiarelli v Kotsifos, 5 AD3d 345, 346 [2004]; EMC Mtge. Corp. v Riverdale Assoc., 291 AD2d 370 [2002]). In opposition, Gotti failed to "assert any defenses which could properly raise a viable question of fact as to [the] default" (Federal Home Loan Mtge. Corp. v Karastathis, 237 AD2d 558, 559 [1997] [internal quotation marks omitted]; see Daniel Perla Assoc., 40 AD3d at 678; Chiarelli v Kotsifos, 5 AD3d at 346; Green Point Sav. Bank v Spivey, 253 AD2d 410, 411 [1998]). Contrary to Gotti's contention, the plaintiff's mere acceptance of monthly payments made on the loan subsequent to February 1, 2006 did not operate to extend the forbearance agreement, which specifically provided that any remaining sums owed on the loan became due and payable on February 1, 2006, unless the parties agreed in writing to an extension.

Further, Gotti failed to demonstrate that the plaintiff's motion for summary judgment should have been denied pending further discovery. "[T]he mere hope that further discovery would yield evidence of a triable issue of fact is not a basis for denying summary judgment" (Lee v T.F. DeMilo Corp., 29 AD3d 867, 868 [2006]; see Chemical Bank v PIC Motors Corp., 58 NY2d 1023, 1026 [1983]; Lambert v Bracco, 18 AD3d 619, 620 [2005]).

Accordingly, the Supreme Court should have, upon reargument, granted those branches of the plaintiff's motion which

were for summary judgment on the complaint and for appointment of a referee to compute the amount due to the plaintiff, and to examine and report whether the mortgaged premises can be sold in one parcel. Rivera, J.P., Dickerson, Leventhal and Chambers, JJ., concur.