■ WASHINGTON MUTUAL BANK, F.A., Appellant, v TERRENCE C. O'CONNOR et al., Respondents, et al., Defendants. [880 NYS2d 696]—In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), entered April 22, 2008, which denied its motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Terrence C. O'Connor and Sheila K. O'Connor and for the appointment of a referee.

Ordered that the order is reversed, on the law, with costs payable by the respondents, and the plaintiff's motion is granted.

The plaintiff established its prima facie entitlement to judgment as a matter of law by presenting the mortgage and unpaid note, along with evidence of the default (*see U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711 [2008]; *Daniel Perla Assoc., LP v 101 Kent Assoc., Inc.*, 40 AD3d 677 [2007]; *US Bank Trust N.A. Trustee v Butti*, 16 AD3d 408 [2005]; *Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482 [2003]). In opposition, it was incumbent upon the defendants Terrence C. O'Connor and Sheila K. O'Connor "to produce evidentiary proof in admissible form sufficient to require a trial of [their] defenses" (*US Bank Trust N.A. Trustee v Butti*, 16 AD3d at 408). These defendants failed to do so. Accordingly, the Supreme Court should have granted the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against those two defendants. Rivera, J.P., Dillon, Belen and Hall, JJ., concur.