NEIGHBORHOOD HOUSING SERVICES OF NEW YORK CITY, INC., Appellant, v C. LLOYD MELTZER, Also Known as CLYDE LLOYD MELTZER, and Another, Defendant and Third-Party Plaintiff-Respondent, and CITY OF NEW YORK et al., Respondents. ERIN CONSTRUCTION AND DEVELOPMENT CO., INC., et al., Third-Party Defendants-Respondents. [889 NYS2d 627]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme

Court, Kings County (Jacobson, J.), dated May 5, 2008, as denied those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant C. Lloyd Meltzer, also known as Clyde Lloyd Meltzer, also known as Clyde Meltzer, to dismiss that defendant's counterclaims, to strike that defendant's answer, to appoint a referee to compute the amount owed to it, and to sever the third-party action, and, in effect, denied that branch of its motion which was to amend the caption to delete the defendants sued herein as "John Doe No. 1" to "John Doe No. XX," inclusive, and granted that branch of the cross motion of the third-party defendant Erin Construction and Development Co., Inc., which was for leave to serve an answer and counterclaims in the foreclosure action as the defendant "John Doe No. 1."

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendant C. Lloyd Meltzer, also known as Clyde Lloyd Meltzer, also known as Clyde Meltzer and the third-party defendant Erin Construction and Development Co., Inc., to the plaintiff, the plaintiff's motion is granted, that branch of the motion of the third-party defendant Erin Construction and Development Co., Inc., which was for leave to serve an answer and counterclaims in the foreclosure action as the defendant "John Doe No. 1," is denied, and the matter is remitted to the Supreme Court, Kings County, for the appointment of a referee to compute the amount owed to the plaintiff.

The plaintiff established its prima facie entitlement to judgment as a matter of law by presenting the subject mortgage, the unpaid note, and evidence of the default of the defendant C. Lloyd Meltzer, also known as Clyde Lloyd Meltzer, also known as Clyde Meltzer (hereinafter Meltzer) (*see Countrywide Home Loans, Inc. v Delphonse*, 64 AD3d 624, 625-626 [2009]; *Washington Mut. Bank, F.A. v O'Connor*, 63 AD3d 832, 833 [2009]; *Daniel Perla Assoc., LP v 101 Kent Assoc., Inc.*, 40 AD3d 677 [2007]; *US Bank Trust N.A. Trustee v Butti*, 16 AD3d 408 [2005]; *Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482 [2003]). In opposition, Meltzer failed to raise an issue of fact sufficient to require a trial of his defenses and counterclaims (*see U.S. Bank Trust N.A. Trustee v Butti*, 16 AD3d at 408). Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Meltzer, to dismiss Meltzer's counterclaims, to strike Meltzer's answer, and to appoint a referee to compute the amount owed to the plaintiff.

The Supreme Court also erred in denying that branch of the

plaintiff's motion which was to sever the third-party action and, in effect, denying that branch of the plaintiff's motion which was to amend the caption to delete the John Doe defendants, and in granting that branch of the motion of the third-party defendant Erin Construction and Development, Co., Inc. (hereinafter Erin), which was for leave to serve an answer and counterclaims in the foreclosure action as the defendant "John Doe No. 1." The plaintiff demonstrated that none of the John Doe defendants had been identified or served with process. In addition, Erin was not a necessary party to the foreclosure action, as its purported status as a subordinate lienor did not arise until after the plaintiff filed its notice of pendency (*see Polish Natl. Alliance of Brooklyn v White Eagle Hall Co.*, 98 AD2d 400, 404 [1983]). Furthermore, the counterclaims Erin proposed to interpose against the plaintiff sought monetary relief unrelated to the subject mortgage, and did not affect the validity thereof (*see First Union Mtge. Corp. v Fern*, 298 AD2d 490 [2002]).

We remit the matter to the Supreme Court, Kings County, to appoint a referee to compute the amount owed to the plaintiff. Prudenti, P.J., Miller, Chambers and Roman, JJ., concur.