■ ARGENT MORTGAGE COMPANY, LLC, Appellant, v LEONARD MENTESANA et al., Respondents. [915 NYS2d 591]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated May 18, 2009, which denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, without costs

or disbursements, the plaintiff's motion for summary judgment on the complaint is granted, and the matter is remitted to the Supreme Court, Kings County, for the appointment of a referee to compute the amount owed to the plaintiff.

In August 2004 the plaintiff commenced this action to foreclose a mortgage. Although the mortgagor failed to appear, the Supreme Court denied the plaintiff's motion for an order of reference, and required it to submit, inter alia, the mortgagor's initial mortgage application. After reviewing documents submitted by the plaintiff, the court set the matter down for a hearing, due to concerns over the plaintiff's decision to lend funds to the mortgagor. On July 6, 2006, the court appointed a special referee. The special referee located the mortgagor, who told the referee that he had signed the note and mortgage as a favor to the former owner of the subject property, and that he was not supposed to make payments on the mortgage. In December 2006, a guardian ad litem was appointed to represent the mortgagor based upon the report of a special referee indicating that there was a possibility that the mortgagor was "incapable of adequately defending or prosecuting his rights." The guardian ad litem submitted an answer on behalf of the mortgagor, and submitted a report to the court dated October 23, 2007. The guardian ad litem indicated in the report that she had spoken with the mortgagor, and opined that the mortgagor willingly and knowingly purchased the subject property and obtained a mortgage, and that the mortgagor understood the associated risks involved in the transactions. The plaintiff subsequently made an unopposed motion for summary judgment on the complaint. The Supreme Court denied the motion, holding that the plaintiff was requesting that the court enforce the terms of a fraudulent mortgage, and that the plaintiff had neglected its responsibility to ascertain the credit status of the mortgagor. We reverse.

"[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482, 482 [2003]; *see also U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711 [2008]; *Daniel Perla Assoc., LP v 101 Kent Assoc., Inc.*, 40 AD3d 677 [2007]; *U.S. Bank Trust N.A. Trustee v Butti*, 16 AD3d 408 [2005]). Here, the plaintiff produced the note and mortgage executed by the mortgagor, as well as evidence of nonpayment. Accordingly, it was incumbent upon the defendants to produce evidentiary proof in admissible form sufficient to demonstrate the existence of a triable issue of

fact as to a bona fide defense to the action (*see State Bank of Albany v Fioravanti*, 51 NY2d 638, 647 [1980]; *Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482 [2003]; *FGH Realty Credit Corp. v VRD Realty Corp.*, 231 AD2d 489, 490 [1996]). In this case, the plaintiff's motion was unopposed, and there is no support in the record for the court's conclusion that the mortgage sought to be foreclosed was obtained by fraudulent means. Further, evidence that the plaintiff's decision to lend money to the mortgagor was unwise was insufficient by itself to raise a triable issue of fact as to whether the plaintiff engaged in fraudulent or unconscionable conduct (*see Ricca v Ricca*, 57 AD3d 868, 869 [2008]; *Quest Commercial, LLC v Rovner*, 35 AD3d 576, 577 [2006]; *FGH Contr. Co. v Weiss*, 185 AD2d 969, 971 [1992]). Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur. **[Prior Case History: 23 Misc 3d 1116(A), 2009 NY Slip Op 50786(U).]**