■ FLAGSTAR BANK, Appellant, v LAUREN BELLAFIORE et al., Defendants. [943 NYS2d 551]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Cohalan, J.), dated February 1, 2011, which denied its motion for summary judgment on the complaint, to strike the answer of the defendant Lauren Bellafiore, for an order of reference, and for leave to amend the caption to delete the defendants sued herein as "John Does" and "Jane Does."

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for summary judgment on the complaint, to strike the answer of the defendant Lauren Bellafiore, for an order of reference, and for leave to amend the caption to delete the defendants sued herein as "John Does" and "Jane Does" is granted.

The Supreme Court improperly denied the plaintiff's motion for summary judgment on the complaint, to strike the answer of the defendant Lauren Bellafiore, for an order of reference, and for leave to amend the caption to delete the defendants sued herein as "John Does" and "Jane Does" on the ground that the plaintiff had not filed an attorney affirmation in accordance with Administrative Order 548/10, which was issued by the Chief Administrative Judge of the State of New York on October 20, 2010. Administrative Order 548/10 (hereinafter the Administrative Order), which has since been replaced by Administrative Order 431/11, requires the plaintiff's counsel in a residential mortgage foreclosure action to file with the court an affirmation confirming the accuracy of the plaintiff's pleadings. In cases pending on the effective date of the Administrative Order, where no judgment of foreclosure has been entered, the attorney affirmation is required to be filed at the time of filing of either the proposed order of reference or the proposed judgment of foreclosure (see Administrative Order 548/10, replaced by Administrative Order 431/11).

This mortgage foreclosure action was pending at the time of the effective date of the Administrative Order, and the plaintiff filed its motion, which included a proposed order of reference, approximately five months before the Administrative Order was issued. Thus, the plaintiff could not have filed the attorney affirmation pursuant to the Administrative Order when it filed its motion and proposed order of reference. Therefore, based on the plain language of the Administrative Order, the plaintiff is required to file the attorney affirmation at the time it files the proposed judgment of foreclosure (see US Bank, N.A. v Boyce, 93 AD3d 782 [2012]).

Furthermore, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting the mortgage, the underlying note, and an affidavit of its Vice President attesting to the default (see HSBC Bank USA, NA v Schwartz, 88 AD3d 961 [2011]; JP Morgan Chase Bank, N.A. v Agnello, 62 AD3d 662, 663 [2009]; EMC Mtge. Corp. v Riverdale Assoc., 291 AD2d 370 [2002]). Since no opposition was filed, no triable issue of fact was raised in response to the plaintiff's prima facie showing or as to the merits of any of the defendant Lauren Bellafiore's affirmative defenses (see Wells Fargo Bank Minn., N.A. v Perez, 41 AD3d 590 [2007]). Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendant Lauren Bellafiore, and for an order of reference should have been granted.

Additionally, as the plaintiff demonstrated that there were no "John Does" or "Jane Does" occupying the subject premises, that branch of the plaintiff's motion which was to amend the caption to delete the defendants sued herein as "John Does" and "Jane Does" should have been granted (*see Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer*, 67 AD3d 872, 873-874 [2009]).

In light of our determination, we need not reach the plaintiff's remaining contention. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.