The plaintiff established its prima facie entitlement to judgment as a matter of law by presenting the subject mortgage, the unpaid note, and evidence of the default of the defendant Floyd Hawkins (see Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer, 67 AD3d 872, 873 [2009]; Countrywide Home Loans, Inc. v Delphonse, 64 AD3d 624, 625-626 [2009]; Washington Mut. Bank, F.A. v O’Connor, 63 AD3d 832, 833 [2009]). In opposition, Hawkins raised triable issues of fact regarding his defenses including, inter alia, the defense based on his claim that the loan proceeds disbursed to the contractor were never authorized (see Bankers Trust Co. of Cal., N.A. v Sciarpelletti, 28 AD3d 408, 411 [2006]). Accordingly, the Supreme Court properly denied that branch of the plaintiff’s motion which was for summary judgment on the complaint.
However, the Supreme Court should have granted that branch of the plaintiff’s motion which was for summary judgment dismissing Hawkins’s counterclaim, which sought an award of an attorney’s fee. Since there is no statute in New York authorizing the recovery of an attorney’s fee in a mortgage foreclosure action, such a fee may only be recovered if it is contractually authorized (see Levine v Infidelity, Inc., 2 AD3d 691, 692 [2003]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law dismissing the counterclaim by demonstrating that there is no contractual provision obligating it to pay Hawkins an attorney’s fee. Hawkins *555 failed to raise a triable issue of fact in opposition. Rivera, J.E, Eng, Lott and Cohen, JJ., concur.