■ EMIGRANT MORTGAGE COMPANY, INC., Respondent, v RAY BECKERMAN, Appellants, et al., Defendants. [964 NYS2d 548]—

In an action to foreclose a mortgage, the defendants Ray Beckerman and Susan Beckerman appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), entered July 21, 2010, as granted the plaintiff's motion for summary judgment on the complaint and denied their cross motion to strike the complaint pursuant to CPLR 3126 for failure to comply with certain discovery demands or, in the alternative, for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint and denied that branch of the appellants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them. "[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default" (*Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079, 1080 [2010] [internal quotation marks omitted]; *see U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711 [2008]). "The burden then shifts to the defendant to demonstrate 'the existence of a triable issue of fact as to a bona fide defense to the action, such as waiver, estoppel, bad faith, fraud, or oppressive or unconscionable conduct on the part of the plaintiff' " (*U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d at 711, quoting *Mahopac Natl. Bank v Baisley*, 244 AD2d 466, 467 [1997]; *see Nassau Trust Co. v Montrose Concrete Prods. Corp.*, 56 NY2d 175, 183 [1982]).

Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting the mortgage, the unpaid note, and the affidavit of its Assistant Treasurer attesting to the default (*see Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079 [2010]; *U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez*, 49 AD3d 711 [2008]). In

opposition, the appellants failed to raise a triable issue of fact (*see Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793 [2012]).

Contrary to the appellants' contention, the Supreme Court properly denied that branch of their cross motion which was to strike the complaint insofar as asserted against them for failure to comply with discovery demands, as there was no court order requiring disclosure (*see* CPLR 3126 [3]). Mastro, J.P., Rivera, Hall and Miller, JJ., concur.