■ DEUTSCHE BANK NATIONAL TRUST COMPANY, on Behalf of the CERTIFICATEHOLDERS MORGAN STANLEY ABS CAPITAL 1 INC. TRUST 2005-HE3 MORTGAGE PASS-THROUGH CERTIFICATES SE-

RIES 2005-HE3, Appellant, v NORRIS ISLAR, Respondent, et al., Defendants. [996 NYS2d 130]—

In an action to foreclose a mortgage, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 8, 2013, as denied those branches of its motion which were for summary judgment on the complaint, to strike the answer of the defendant Norris Islar, for an order of reference, and to amend the caption to substitute Lisa Mathis and Mrs. Johnson as party defendants instead of the defendants sued as "John Doe #1" and "John Doe #2" and delete the defendants sued as "John Doe #3" through "John Doe #10."

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendant Norris Islar, for an order of reference, and to amend the caption to substitute Lisa Mathis and Mrs. Johnson as party defendants instead of the defendants sued as "John Doe #1" and "John Doe #2" and delete the defendants sued as "John Doe #3" through "John Doe #10" are granted; and it is further,

Ordered that the matter is remitted to the Supreme Court, Kings County, for further proceedings before a different Justice.

The Supreme Court denied that branch of the plaintiff's motion which was for summary judgment on the complaint on the ground that the plaintiff had failed to establish its standing to foreclose the subject mortgage. Where, as here, the defendants in a mortgage foreclosure action waive the issue of standing by failing to assert the defense in an answer or pre-answer motion to dismiss the complaint (*see* CPLR 3211 [e]), the plaintiff need not establish its standing in order to demonstrate its prima facie entitlement to judgment as a matter of law (*see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244-245 [2007]).

Furthermore, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law by submitting, inter alia, the mortgage, the note, and the affidavit of its vice president attesting to the default (*see Katz v Miller*, 120 AD3d 768 [2014]; *KeyBank N.A. v Chapman Steamer Collective, LLC*, 117 AD3d 991, 992 [2014]; *Emigrant Mtge. Co., Inc. v Beckerman*, 105 AD3d 895 [2013]). "Since no opposition was filed, no triable issue of fact was raised in response to the plaintiff's prima facie showing" (*Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045

[2012]; *see KeyBank N.A. v Chapman Steamer Collective, LLC*, 117 AD3d at 992). Accordingly, those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the answer of the defendant Norris Islar, and for an order of reference should have been granted (*see Flagstar Bank v Bellafiore*, 94 AD3d at 1045).

Additionally, as the plaintiff demonstrated that it had served Lisa Mathis and Mrs. Johnson as "John Doe #1" and "John Doe #2," respectively, and that there were no other "John Does" occupying the mortgaged premises, that branch of its motion which was to amend the caption to substitute Lisa Mathis and Mrs. Johnson as party defendants instead of the defendants sued as "John Doe #1" and "John Doe #2" and delete the defendants sued as "John Doe #3" through "John Doe #10" should have been granted (*see* CPLR 1024; *Flagstar Bank v Bellafiore*, 94 AD3d at 1046; *Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer*, 67 AD3d 872, 873-874 [2009]).

Since Justice Arthur Schack continues to flagrantly ignore this Court's precedent, as articulated in *Wells Fargo Bank Minn., N.A. v Mastropaolo* (42 AD3d at 239), holding that the defense of lack of standing is waived if not raised by the defendant in an answer or pre-answer motion to dismiss (*see HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048-1049 [2011]; *cf. Bank of N.Y. v Cepeda*, 120 AD3d 451, 452 [2014]; *Bank of N.Y. v Mulligan*, 119 AD3d 716, 716 [2014]; *Wells Fargo Bank, N.A. v Gioia*, 114 AD3d 766, 767 [2014]), we deem it appropriate to remit the matter to the Supreme Court, Kings County, for further proceedings before a different Justice. Mastro, J.P., Skelos, Roman and Maltese, JJ., concur.