■ NATIONSTAR MORTGAGE, LLC, Formerly Known as CENTEX HOME EQUITY COMPANY, LLC, Appellant, v FRANCESCO SILVERI, Respondent, et al., Defendant. [7 NYS3d 158]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams,

J.), entered October 31, 2013, which denied its motion for summary judgment on the complaint insofar as asserted against the defendant Francesco Silveri and dismissing his affirmative defenses, and to amend the caption to remove the defendants sued herein as "John Doe" and "Mary Doe."

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Francesco Silveri and dismissing his affirmative defenses, and to amend the caption to remove the defendants sued herein as "John Doe" and "Mary Doe" is granted.

The Supreme Court erred in denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Francesco Silveri and dismissing his affirmative defenses on the ground that the plaintiff failed to prove its compliance with RPAPL 1304 (see Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d 909, 911 [2013]). The instant action to foreclose on a mortgage involving a "home loan" was commenced July 28, 2008, which was prior to the effective date of RPAPL 1304. Therefore, RPAPL 1304 is not applicable to this action (cf. Deutsche Bank Natl. Trust Co. v Spanos, 102 AD3d at 911). Moreover, the plaintiff established, prima facie, its entitlement to judgment as a matter of law on the complaint insofar as asserted against Silveri and dismissing his affirmative defenses by producing the mortgage, unpaid note, and evidence of default (see Sperry Assoc. Fed. Credit Union v Alexander, 116 AD3d 759 [2014]; Wachovia Bank, N.A. v Carcano, 106 AD3d 724, 725 [2013]). Since no opposition was filed, no triable issue of fact was raised in response to the plaintiff's prima facie showing or as to the merits of any of Silveri's affirmative defenses (see Flagstar Bank v Bellafiore, 94 AD3d 1044, 1045 [2012]).

As the plaintiff demonstrated that there was no "John Doe" or "Mary Doe" occupying the subject premises, that branch of the plaintiff's motion which was to amend the caption to delete the defendants sued herein as "John Doe" and "Mary Doe" should have been granted (see Flagstar Bank v Bellafiore, 94 AD3d at 1046). Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.