■ CITIMORTGAGE, INC., Appellant, v CHOW MING TUNG, Also Known as CHOW TUNG, Respondent, et al., Defendants. [7 NYS3d 147]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Velasquez, J.), dated August 20, 2013, which, in effect, denied its unopposed motion for summary judgment on the complaint insofar as asserted against the defendant Chow Ming Tung, also known as Chow Tung, dismissing the affirmative defenses set forth in the answer of that defendant, for an order of reference, for leave to amend the caption to replace the defendants "John Doe and Jane Doe #1 through #7" with the defendant Jimming Cao, and for leave to enter a default judgment against the remaining defendants, and, sua sponte, directed the dismissal of the complaint.

Ordered that on the Court's own motion, the notice of appeal from so much of the order as, sua sponte, directed the dismissal of the complaint is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendant Chow Ming Tung, also known as Chow Tung, dismissing

the affirmative defenses set forth in the answer of that defendant, for an order of reference, for leave to enter a default judgment against the remaining defendants, and for leave to amend the caption is granted.

The Supreme Court erred in, in effect, denying the plaintiff's unopposed motion for summary judgment on the complaint insofar as asserted against the defendant Chow Ming Tung, also known as Chow Tung, dismissing the affirmative defenses set forth in Tung's answer, for an order of reference, for leave to enter a default judgment against the remaining defendants, and for leave to amend the caption and, sua sponte, directing the dismissal of the complaint for lack of standing.

" '[I]n an action to foreclose a mortgage, a plaintiff establishes its case as a matter of law through the production of the mortgage, the unpaid note, and evidence of default' " (*Baron Assoc., LLC v Garcia Group Enters., Inc.*, 96 AD3d 793, 793 [2012], quoting *Argent Mtge. Co., LLC v Mentesana*, 79 AD3d 1079 [2010]). Where, as here, the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must ultimately establish its standing to be entitled to relief (*see Bank of N.Y. Mellon v Gales*, 116 AD3d 723 [2014]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). In an action to foreclose a mortgage, the plaintiff has standing where, at the time the action is commenced, it is the holder or assignee of both the subject mortgage and the underlying note (*see Bank of N.Y. Mellon v Gales*, 116 AD3d at 724; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d 680, 682 [2012]; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 279 [2011]). Written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation (*see Bank of N.Y. Mellon v Gales*, 116 AD3d at 724; *Deutsche Bank Natl. Trust Co. v Haller*, 100 AD3d at 682; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754).

The plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against Tung by submitting, among other things, a written assignment from the original lender, the note, and an affidavit attesting to Tung's failure to make payments due under the mortgage. The plaintiff also demonstrated its prima facie entitlement to judgment as a matter of law dismissing Tung's affirmative defenses (*see US Bank N.A. v Weinman*, 123 AD3d 1108 [2014]; *JP Morgan Chase Bank v Munoz*, 85 AD3d 1124, 1126 [2011]). Since no opposition was filed, Tung failed to raise a triable issue of fact in opposition (*see Flagstar Bank v Bellafiore*, 94 AD3d 1044, 1045 [2012]).

The Supreme Court also erred in, sua sponte, directing dismissal of the complaint. "A court's power to dismiss a complaint, sua sponte, is to be used sparingly and only when extraordinary circumstances exist to warrant dismissal" (*U.S. Bank, N.A. v Emmanuel*, 83 AD3d 1047, 1048 [2011]; *see Bank of N.Y. v Castillo*, 120 AD3d 598 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]). Here, the Supreme Court was not presented with extraordinary circumstances warranting sua sponte dismissal of the complaint. Even if the plaintiff had lacked standing it would not have constituted a jurisdictional defect and would not warrant a sua sponte dismissal of the complaint (*see Bank of N.Y. v Cepeda*, 120 AD3d 451, 453 [2014]; *HSBC Bank USA, N.A. v Taher*, 104 AD3d 815, 817 [2013]; *see also Deutsche Bank Natl. Trust Co. v Hunter*, 100 AD3d 810, 811 [2012]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 244 [2007]).

The plaintiff demonstrated that the caption should be amended to replace the defendants "John Doe and Jane Doe #1 through #7" with the defendant Jimming Cao (*see* CPLR 1024; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d 566, 568 [2014]; *Flagstar Bank v Bellafiore*, 94 AD3d at 1045).

Finally, the Supreme Court erred in denying that branch of the plaintiff's unopposed motion which was for leave to enter a default judgment against the remaining defendants. By submitting proof of service of the summons and complaint, proof of the facts constituting the claim, and proof of those defendants' failure to answer or appear, the plaintiff demonstrated its prima facie entitlement to a default judgment against those defendants (*see* CPLR 3215 [f]; *U.S. Bank, N.A. v Razon*, 115 AD3d 739, 740 [2014]; *Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013]; *Loaiza v Guzman*, 111 AD3d 608, 609 [2013]). In addition, the court should have granted that branch of the plaintiff's motion which was for an order of reference (*see* RPAPL 1321; *Deutsche Bank Natl. Trust Co. v Islar*, 122 AD3d at 568; *Flagstar Bank v Bellafiore*, 94 AD3d at 1145). Skelos, J.P., Leventhal, Hinds-Radix and Maltese, JJ., concur.