OPINION OF THE COURT
Thomas F. Whelan, J.
It is ordered that this motion (No. 001) by the plaintiff for accelerated judgments on its complaint, amendment of the complaint to reflect that the sole obligor under the note is the first named defendant, Theresa Karastamatis, a substitution of the plaintiff by its loan servicer/assignee, the deletion of the unknown defendants and caption amendments to reflect these party changes and the issuance of an order of reference, is considered under CPLR 3212, 3215, 3025 1018, 1003 and is granted. The moving papers sufficiently established, prima facie, the plaintiff’s entitlement to accelerated judgments on its first cause of action for foreclosure and sale relief and a dismissal of the affirmative defenses asserted in the answer served by the Karastamatis defendants due to their lack of merit (see CPLR 3212; Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015]; Wells Fargo Bank, N.A. v Charlaff, 134 AD3d 1099 [2d Dept 2015]; Wells Fargo Bank, N.A. v Erobobo, 127 AD3d 1176 [2d Dept 2015]; Wells Fargo Bank, N.A. v Parker, 125 AD3d 848 [2d Dept 2015]). In addition, the plaintiff sufficiently established its entitlement to summary and default judgments on its second cause of action for reformation of the description of the mortgaged premises set forth in the recorded mortgage indenture to add the legal description, to which, the answering defendants asserted no challenges (see Beltway Capital, LLC v Gutierrez, 140 AD3d 998 [2d Dept 2016]; Bank of N.Y. v Stein, 130 AD3d 552 [2d Dept 2015]; Wells Fargo Bank, NA v Ambrosov, 120 AD3d 1225 [2d Dept 2014]).
It was thus incumbent upon the answering defendants to submit proof sufficient to raise a genuine question of fact rebutting the plaintiff’s prima facie showing or in support of the affirmative defenses asserted in his answer or otherwise available to them (see Flagstar Bank v Bellafiore, 94 AD3d 1044 [2d Dept 2012]; Jessabell Realty Corp. v Gonzales, 117 AD3d 908 [2d Dept 2014]; Grogg v South Rd. Assoc., L.P., 74 AD3d 1021 [2d Dept 2010]; Wells Fargo Bank v Das Karla, 71 AD3d 1006 [2d Dept 2010]; Washington Mut. Bank, F.A. v O’Connor, 63 *1009 AD3d 832 [2d Dept 2009]; JP Morgan Chase Bank, N.A. v Agnello, 62 AD3d 662 [2d Dept 2009]; Aames Funding Corp. v Houston, 44 AD3d 692 [2d Dept 2007]). Notably, self-serving and conclusory allegations do not raise issues of fact and do not require plaintiff to respond to alleged affirmative defenses which are based on such allegations (see Charter One Bank, FSB v Leone, 45 AD3d 958 [3d Dept 2007]; Rosen Auto Leasing, Inc. v Jacobs, 9 AD3d 798 [3d Dept 2004]). Where a defendant fails to oppose some or all matters advanced on a motion for summary judgment, the facts as alleged in the movants’ papers may be deemed admitted as there is, in effect, a concession that no question of fact exists (see Kuehne & Nagel v Baiden, 36 NY2d 539 [1975]; see also Madeline D'Anthony Enters., Inc. v Sokolowsky, 101 AD3d 606 [1st Dept 2012]; Argent Mtge. Co., LLC v Mentesana, 79 AD3d 1079 [2d Dept 2010]). In addition, the failure to raise pleaded affirmative defenses in opposition to a motion for summary judgment renders those defenses abandoned and thus subject to dismissal (see New York Commercial Bank v J. Realty F Rockaway, Ltd., 108 AD3d 756 [2d Dept 2013]; Starkman v City of Long Beach, 106 AD3d 1076 [2d Dept 2013]).
Here, the opposing papers submitted by counsel for the answering defendants assert only one objection to the plaintiff’s motion, namely, that certain federal regulations provide a basis for a denial of the relief requested (see generally Federal Consumer Financial Protection Bureau’s Regulation X [12 CFR part 1024]). All of the pleaded affirmative defenses set forth in the answer have thus been waived and abandoned under the case authorities cited directly above.
With respect to the defendants’ assertion of the federally promulgated Regulation X as a ground for denial of this motion, the court finds such assertion to be without merit. While regulatory provisions, particularly those referred to as Regulation X, obligate some mortgage foreclosure plaintiffs to conform to review standards and to seek stays or adjournments of the prosecution of their foreclosure claims in impending or pending action in state courts or elsewhere, they do not provide defendant mortgagors with any viable defense to a New York mortgage foreclosure action or any right to obtain a stay of proceedings in such actions or to obtain a vacatur of or orders or judgments issued in such actions. Instead, the regulations merely provide a federal monetary remedy in favor of the mortgagor borrower against a bank, note holder or other entity *1010 subject to such federal regulations, upon proof of their violation of one or more of the regulations (see 12 CFR 1024.41; Real Estate Settlement Procedures Act, 12 USC § 2605 [f]).
That a federal regulation may not be employed as a defense to any facet of a New York mortgage foreclosure action is consistent with long-standing principles of the law of the property which govern in rem actions, including, that claims interposed in such actions are governed by the law of the situs of the property at issue (see Mallory Assoc. v Barving Realty Co., 300 NY 297 [1949]). While a mortgage foreclosure action is recognized as being equitable in nature, it differs in various ways from other equity actions and for purposes here, in one very significant aspect. The difference was explained as follows by the Court of Appeals in the case of Jo Ann Homes at Bellmore v Dworetz (25 NY2d 112, 122 [1969]), in which Judge Burke stated as follows:
“Concededly, a foreclosure action is a ‘proceeding in a court of equity which is regulated by statute.’ Nevertheless, it is well settled that such a proceeding is unlike other equity actions in several ways. Thus, while equity acts only in personam, an action for foreclosure ‘is in the nature of a proceeding in rem to appropriate the land’. (Reichert v. Stilwell, 172 N. Y. 83, 89.)” (Citations omitted.)
A New York mortgage foreclosure action is thus one in rem to collect the contractual mortgage debt, not from the mortgagor directly, but from the land the borrower posted as security for the debt, by enforcing the mortgage lien that attached thereto (see Reichert v Stilwell, 172 NY at 88). The equitable attributes of such action do not remove it from its governance by the substantive and procedural law of New York, which alone has situs jurisdiction over the mortgaged premises. Regulations promulgated by the federal government, which is without situs jurisdiction over the premises, like those relied upon by the defendants here, target and control only the conduct of banks, note holders and others having the right to foreclose who are subject to federally promulgated regulations due to the origin or nature of their business or their participation in federal programs. Accordingly, the provisions of Regulation X have no effect upon this court or its application of New York law to the matters at issue in this foreclosure action.
The defendants’ singularly premised challenge to the plaintiff’s entitlement to an award of summary judgment on *1011 its complaint against the answering defendants and the other incidental relief requested in the moving papers is thus without merit. Those portions of the plaintiffs motion wherein it seeks summary judgment are granted. The award of summary judgment on the second cause of action for a reformation of the mortgage indenture so as to include the legal description of the property warrants the issuance of the following declaration: That the mortgage indenture is hereby reformed to include the legal description of the mortgaged premises that is set forth in schedule A of the deed dated December 21, 2007 and in the second cause of action of the complaint. The judgment of foreclosure and sale, if any be entered herein, shall include an ordered and an adjudicatory paragraph granting the declaratory relief as pleaded by the plaintiff and awarded by the terms of this memo decision and order. The motion for such judgment must include a copy of this order so as to supply the grounds for the inclusion of such relief in the judgment as well as the separate order of reference issued hereon.
Also granted is the plaintiffs request for default judgments against the remaining defendants served with process, the substitution of the plaintiff by its servicer and assignee, the deletion of the unknown defendants with caption amendments to reflect these party changes, and the amendment of the complaint to reflect that only the first named defendant is the obligor under the note.