U.S. Bank N.A. v Sheth (2019 NY Slip Op 08594)





U.S. Bank N.A. v Sheth


2019 NY Slip Op 08594


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JOSEPH J. MALTESE
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-04879 
2018-05060
 (Index No. 17778/07)

[*1]U.S. Bank National Association, etc., respondent,
v
Chandrakant Sheth, appellant, et al., defendants.


Berg & David, PLLC, Brooklyn, NY (Abraham David, Shane Wax, David Berg, and Stefanie Murphy-Boykins of counsel), for appellant.
Gross Polowy, LLC (Reed Smith LLP, New York, NY [Kerren B. Zinner and Andrew B. Messite], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Chandrakant Sheth appeals from (1) an order of the Supreme Court, Queens County (Howard G. Lane, J.), entered October 23, 2015, and (2) an order and judgment of foreclosure and sale (one paper) of the same court entered December 13, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, in effect, denied that defendant's cross motion to dismiss the complaint insofar as asserted against him, and appointed a referee to compute the amount due to the plaintiff. The order and judgment of foreclosure and sale, inter alia, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, confirmed the referee's report, and directed the sale of the subject property.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
The defendant Chandrakant Sheth (hereinafter the defendant) executed and delivered to Fremont Investment & Loan a note in the amount of $447,000, secured by a mortgage encumbering certain real property located in Woodside. The defendant allegedly defaulted on his monthly mortgage payment due March 1, 2007, and on the payments due thereafter. On July 17, 2007, the plaintiff commenced this action to foreclose the mortgage. The defendant failed to answer [*2]the complaint.
The plaintiff moved, inter alia, for an order of reference pursuant to RPAPL 1321. The defendant cross-moved to dismiss the complaint insofar as asserted against him. In an order entered October 23, 2015, the Supreme Court granted the plaintiff's motion, in effect, denied the defendant's cross motion, and appointed a referee to compute the amount due to the plaintiff. Thereafter, the plaintiff moved to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale entered December 13, 2017, the court, inter alia, granted the plaintiff's motion, confirmed the referee's report, and directed the sale of the subject property. The defendant appeals.
"[T]he defense of lack of standing is waived if not raised by the defendant in an answer or pre-answer motion to dismiss" (Wells Fargo Bank, N.A. v Halberstam, 166 AD3d 710, 711; see US Bank N.A. v Nelson, 169 AD3d 110, 111; JP Morgan Chase Bank, N.A. v Butler, 129 AD3d 777, 780; Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d 566, 568). Where, as here, the defendant failed to answer the complaint and did not make a pre-answer motion to dismiss the complaint, he waived the defense of lack of standing (see Wells Fargo Bank, N.A. v Halberstam, 166 AD3d at 711; Wells Fargo Bank, NA v Emma, 161 AD3d 1131, 1132). Therefore, "the plaintiff need not establish its standing in order to demonstrate its prima facie entitlement to judgment as a matter of law" (Deutsche Bank Natl. Trust Co. v Islar, 122 AD3d at 567). Consequently, we agree with the Supreme Court's determination declining to address the defendant's contentions regarding the plaintiff's physical possession of the note and status as assignee because the defense of lack of standing had been waived.
The defendant's contention that the Supreme Court erred in confirming the referee's report is without merit. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see Nationstar Mtge., LLC v Vordermeier, 165 AD3d 822, 823). Here, the referee's findings with regard to the amount due under the note and mortgage and whether the subject property could be sold in one parcel are substantially supported by the record (see Nationstar Mtge., LLC v Vordermeier, 165 AD3d at 823; 41st Rd. Props., LLC v Wang Real Prop., LLC, 164 AD3d 455, 459).
The defendant's contention that the complaint should have been dismissed based on the plaintiff's failure to adequately explain its delays in prosecuting the action is improperly raised for the first time on appeal.
The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit.
Accordingly, we agree with the Supreme Court's determination to grant the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale.
LEVENTHAL, J.P., MALTESE, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court