| US Bank Trust N.A. v Nieves |
|:---:|
| 2026 NY Slip Op 30232(U) |
| February 3, 2026 |
| Supreme Court, Suffolk County |
| Docket Number: Index No. 602798/2020 |
| Judge: Christopher Modelewski |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SHORT FORM ORDER

Index No.     602798/2020

SUPREME COURT - STATE OF NEW YORK
I.A.S. PART 17 - SUFFOLK COUNTY

**P R E S E N T :**

HON.  CHRISTOPHER MODELEWSKI
       Justice of the Supreme Court

MOTION DATE   10/14/2025 (006)
ADJ. DATE       01/05/2026
Mot. Seq. #006-MG

-------------------------------------------------------------- X

US BANK TRUST NATIONAL ASSOCIATION
AS TRUSTEE FOR GIFM HOLDINGS TRUST,

                Plaintiff

         - against -

ALEXANDER NIEVES; JENNIFER NIEVES
A/K/A JENNIFER M. NIEVES;
COMMISSIONER OF TAXATION AND
FINANCE; CLERK OF THE SUFFOLK
COUNTY DISTRICT COURT; CLERK
OF THE SUFFOLK COUNTY TRAFFIC &
PARKING VIOLATIONS AGENCY; US
EQUITIES CORP. and "JOHN DOE #1"
through "JOHN DOE #12," the last twelve names
being fictitious and unknown to Plaintiff, the
person or parties intended being the tenants,
occupants, persons or corporations, if any, having
or claiming an interest in or lien upon the
premises being foreclosed herein,

                Defendants

--------------------------------------------------------------X

FRIEDMAN VARTOLO LLP
Attorney for the Plaintiff
85 Broad Street, Suite 501
New York, New York 10004

PAULA A. MILLER, P.C.
Attorneys for Intervenor Worldwide Improvements
257 East Main Street, Suite A
Smithtown, New York 11787

      Upon the E-file document list numbered 119 to 155 read and considered on the motion by plaintiff for an order pursuant to CPLR 3215 for a default judgment against all non-appearing and non-answering defendants, an order pursuant to RPAPL1321 appointing a referee to compute the amounts due to plaintiff, amending the caption to remove the "John Doe" and "Jane Doe" party defendants, substituting U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust in place and stead of plaintiff, and to amend the caption accordingly, and to discharge a satisfaction of mortgage recorded in the Suffolk County Clerk's Office on January 19, 2007 in Book M00021456, Page 287; it is

      **ORDERED** that the motion by plaintiff for an order pursuant to CPLR 3215 granting it a default judgment against all non-appearing and non-answering defendants, for an order pursuant to RPAPL 1321 appointing a referee to compute the amounts due to plaintiff, for an order amending the caption to remove the "John Doe" and "Jane Doe" party defendants, and for an order substituting U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust in place and stead of plaintiff, and amending the caption accordingly, is granted; and it is further

[* 1]

U.S. Bank Trust N.A. v Nieves, et al.
Index No. 602798/2020
page 2

**ORDERED** that the branch of the motion for an order discharging a satisfaction of mortgage recorded in the Suffolk County Clerk's Office on January 19, 2007 in Book M00021456, Page 287, is denied, as the complaint asserts no cause of action for this relief. The satisfaction of mortgage in the amount of $15,749.26 was dated and signed by the lender on November 14, 2006, and was filed with the Suffolk County Clerk on January 19, 2007, months prior to the Consolidation, Extension, and Modification Agreement (the "CEMA mortgage"), signed by the borrowers on April 2, 2007, and recorded in the Suffolk County Clerk's Office on April 10, 2007.

Familiarity with this residential foreclosure action is presumed, the facts having been set forth in this Court's order dated December 27, 2022 and the order of the Appellate Division, Second Department dated June 25, 2025 (the "Second Department order"). Upon issuance of the Second Department order reinstating this action, plaintiff now moves for a default judgment and an order of reference as well as various ancillary relief. Intervenor Worldwide Improvements, Inc. ("Worldwide") opposes the motion and asserts that plaintiff should have brought a motion for summary judgment due to the filed answer of Worldwide on July 6, 2025. In reply, plaintiff argued its notice of rejection remains valid and that Worldwide never moved to vacate its default.

Relevant to the determinations herein, Worldwide was described in the Second Department order as the successor to the borrowers' interest in the subject property, inasmuch as the borrowers transferred title to the property to Worldwide in February of 2022, while this foreclosure action was pending and after the borrowers defaulted in failing to appear or answer the foreclosure complaint (*see generally* **Greenpoint Mtge. Funding, Inc. v Recinos,** 241 AD3d 796, 241 NYS3d 346 [2d Dept 2025][new owner is successor in interest to borrower]; **Bank of N.Y. Mellon v Toscano,** 216 AD3d 607, 189 NYS3d 524 [2d Dept 2020][same]). As the Second Department order acknowledges, Worldwide is the successor to the borrowers' interest in the property, and that at the time of the borrowers' transfer of the property to it, Worldwide knew or should have known that a foreclosure action was pending against the borrowers by virtue of the notice of pendency filed herein, and that the borrowers were in default in answering the foreclosure complaint. As the successor in interest, Worldwide had and has no rights greater than those held by the borrowers at the time of the transfer. Indeed, at the time of the transfer, Worldwide stood and "stands in the shoes of the borrowers," who are and have been in default in answering the complaint since 2020. Because the borrowers defaulted and asserted no defenses to this action, and Worldwide has not moved pursuant to CPLR 5015 to vacate their default, there are no defenses that Worldwide can assert herein (*see generally* **Deutsche Bank National Trust Company v Hall,** 185 AD3d 1006, 129 NYS3d 1006 [2d Dept 2020]). In addition, Worldwide attempted to file a late answer in this action on July 6, 2025, but that answer was rejected by plaintiff on July 7, 2025. Thus, Worldwide remains in default.

Plaintiff has established the default of Worldwide in answering, and through its submissions, provided proof of the facts constituting its cause of action to foreclose the subject mortgage. Thus, plaintiff is entitled to a default judgment on its foreclosure cause of action as against Worldwide (CPLR 3215).

By its moving papers, plaintiff also established the default in answering of all of the other named defendants and accordingly, the default of the remaining defendants is fixed and determined (*see* RPAPL § 1321; **HSBC Bank USA, N.A. v Alexander**, 124 A.D.3d 838, 4 NYS3d 47 [2d Dept 2015]; **Wells Fargo Bank, NA v Ambrosov**, 120 A.D.3d 1225, 993 N.Y.S.2d 322 [2d Dept 2014]; **U.S. Bank, N.A. v Razon**, 115 A.D.3d 739, 981 N.Y.S.2d 571 [2d Dept 2014]; **HSBC Bank USA, N.A. v Roldan**, 80 A.D.3d 566, 914 N.Y.S.2d 647 [2d Dept 2011]).

[* 2]

U.S. Bank Trust N.A. v Nieves, et al.
Index No. 602798/2020
page 3

The branch of the motion for an order amending the caption by striking therefrom the "John Doe" and "Jane Doe" defendants, is granted (*see* CPLR 1024; ***Deutsche Bank Natl. Trust Co. v Islar***, 122 AD3d 566, 996 NYS2d 130 [2d Dept 2014]; ***Neighborhood Hous. Servs. of N.Y. City, Inc. v Meltzer***, 67 AD3d 872, 889 NYS2d 627 [2d Dept 2009]).

Plaintiff further established its right to an order substituting U.S. Bank Trust National Association, as Trustee of Cabana Series V Trust in place and stead of plaintiff, and to amend the caption accordingly.

Based upon the foregoing, plaintiff is entitled to an order appointing a referee to compute amounts due under the subject note and mortgage (*see* RPAPL 1321; ***Green Tree Servicing, LLC v Cary***, 106 AD3d 691, 965 NYS2d 511 [2d Dept 2013]; ***Ocwen Fed. Bank FSB v Miller***, 18 AD3d 527, 794 NYS2d 650 [2d Dept 2005]).

Accordingly, the motion by plaintiff is granted, except as to its request to discharge a satisfaction of mortgage dated November 14, 2006, and filed with the Suffolk County Clerk on January 19, 2007, which relief was not requested in the complaint, nor has plaintiff provided adequate evidence that the first mortgage was not satisfied but was consolidated with the second mortgage to form the CEMA mortgage signed by the borrowers on April 2, 2007, and recorded in the Suffolk County Clerk's Office on April 10, 2007.

The proposed order of reference, as modified by the Court, has been issued simultaneously herewith.

The foregoing constitutes the decision and Order of the Court.

Dated: February 7 , 2026

_____
HON. CHRISTOPHER MODELEWSKI, J.S.C.

_____ **FINAL DISPOSITION**   __X__ **NON-FINAL DISPOSITION**

[* 3]